### 28281. GILLESPIE *v.* THE STATE.

DECIDED APRIL 11, 1940.

*Giles & Spence,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold,* contra.

GUERRY, J. Frank Gillespie was convicted of larceny from the house, on the allegation that he "did from the dwelling-house of Mrs. Loraine Bishop . . in said State and county . . wrongfully, fraudulently, and privately take, steal, and carry away with intent to steal the same, $530, . . the property of the said Mrs. Loraine Bishop." The facts were, substantially, that the defendant and Carl Linket went to the home of the victim, who was to receive several hundred dollars insurance money in payment of a fire claim, and induced her to enter into a scheme with them to counterfeit money by "chemically" removing the dye from a bill of small denomination and then "reprinting" the bill from the dye and print of a bill of larger denomination, thus raising the former into a duplicate of the latter, this to be done by compressing the two, side by side, in a wooden press. A demonstration (not unaided by sleight of hand) was given, and the victim was convinced. She and the defendant had been friends for a number of years. Linket was a stranger to her. The victim was to lend Carl Linket $530 on receipt of her money from the insurance company, which the defendant would see repaid with interest of $250. Meanwhile Linket "rented" a room from the victim. Several days after the initial demonstration, Linket and the victim (the defendant not

being present) sought to effectuate their scheme and to raise fifty one-dollar bills into larger bills, thus using most, if not all, of the $530 which the victim had just received. Linket, with the aid of the victim, "apparently" placed the "chemically treated" dollar bills, with the larger "treated" bills interspersed, within the press, to await developments, while Linket absented himself on the pretext of going to a drug-store for dye needed to replace some which had been spilled. After about forty minutes, when Linket had not returned, the victim, becoming alarmed, looked into the press which had remained in her keeping, and found, not her money which she had seen placed within the press, but only two ten-dollar bills placed over a stack of white strips of paper cut deceptively into the shape of currency. Linket had taken with him all of the $530, except that above indicated, without her knowledge or consent. The police were immediately notified.

The plaintiff in error contends that the transaction was a *loan* of money, to be repaid with a high return of interest, that the physical money had been turned over to Linket with the knowledge and consent of the owner, and that there was no criminal taking of the money as alleged. We can not agree to these contentions. The transaction can not be thus dignified, or the bad faith excused, or the crime extenuated. The transaction carried not the least semblance of a bona fide loan, but was replete with bad faith, fraud, and theft. The owner had never parted with the possession of or title to the money. The evidence warranted the finding that Mrs. Bishop had never entrusted or loaned the money to the defendants, or surrendered possession of it to them or either of them. In *Rivers* v. *State,* 46 *Ga. App.* 778 (4) (169 S. E. 260), it was said: "'There is a distinction between custody and possession.' The owner of goods by delivering them to another, may give such other person the mere custody or charge of the goods, the technical possession remaining in himself, or he may by such delivery divest himself of the possession of goods." The evidence shows a scheme on the part of the defendants, by playing on the cupidity of Mrs. Bishop, to get possession of her money in order to steal it. The verdict was amply authorized, and there was no error in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*