## GRANT *v.* THE STATE.

1. Where one obtains from the owner the temporary custody of a valuable article—a firearm—for the pretended purpose of examining it with a view to making a purchase thereof, and, without having left the presence of the owner, suddenly loads the weapon and points it in a menacing manner at the owner, thereby putting him in fear of bodily harm, under the influence and because of which he relinquishes possession of the article, and it is taken and carried away by the wrong-doer, the latter is guilty of robbery by intimidation.

2. There being no evidence of the commission by the accused of any offense other than robbery by intimidation without the use of actual force or violence, and that offense being charged in the indictment, the court should have given the jury instructions appropriate to that charge; and the failure to do so was error.

Argued April 16,—Decided May 10, 1906.

Indictment for robbery. Before Judge Roan. Fulton superior court. February 24, 1906.

*A. C. McCalla* and *W. C. Munday,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.

BECK, J. Joe Grant was convicted of the offense of robbery. The evidence discloses that he went into a pawn shop on Decatur street in the city of Atlanta and asked to see the finest pistol in the house. A clerk showed him one pistol, which he declined, and then handed him "the finest gun [he] had." The accused tore the ticket off the pistol, loaded it with cartridges which he had in his pocket, held the pistol up, and commanded the clerk to stand

back. The clerk got under the counter and the defendant backed out of the store. In his motion for a new trial the accused insists that the verdict was contrary to law and the evidence, and that the court erred in charging the jury as follows: "Gentlemen, if the evidence in this case convinces your minds beyond a reasonable doubt that Joe Grant, in this county, on or about the time charged in this bill of indictment, did wrongfully and fraudulently and by force and intimidation, or by force or intimidation, steal a pistol from the parties here named, by using force on the party here named, then you would be authorized to find him guilty of the offense of robbery." This charge is attacked because, under the evidence, there was no force used in securing the pistol, and the charge "is error and confusing, because force as applied to robbery, and intimidation applied as to robbery, are two separate and distinct modes of committing such crime; and one can not commit the crime of robbery by force and intimidation 'by using force.'" The charge quoted was attacked for other reasons which we will not now set forth. The motion, too, contained other grounds, but we do not deem them of sufficient merit to be considered. Upon the overruling of his motion the defendant excepted.

1. Under the above-stated facts, the grounds of the motion which complain that the verdict was contrary to law and without evidence to support it are not meritorious. If the jury believed the testimony of the witnesses for the State, the crime of robbery by intimidation was proved. While robbery is a crime against the person as well as against the property, it is not necessary to show, in order to make out a case of robbery by force or intimidation, that the property was actually taken from the person of the owner; it is sufficient if it is taken in his presence. *Clements* v. *State, 84 Ga.* 664, and cit. Up to the very moment when the defendant took possession of the property in question, it was constructively and in contemplation of law in the immediate possession and control of the clerk referred to in the statement of the evidence. While it was entrusted to the custody of the defendant for the specific purpose of examination, with the view of making a purchase of the article if it suited him, until that question was determined and settled in the affirmative the legal possession was not changed from the clerk to the accused. "The bare fact of putting one's property in the possession of another does not necessarily deprive the

owner of its legal possession. Although personal property may be placed by the owner into the hands of another, yet if its custody is thus given upon condition that there should be at once returned for it its equivalent in value, neither the title to the property nor the right to its possession becomes complete until this condition has been complied with, and the constructive possession as well as the title remains in the owner." *Finkelstein* v. *State*, 105 *Ga.* 619. "It is important to note that there is a distinction between possession and mere custody. The owner of goods, by delivering them to another, may give such other person the mere custody or charge of the goods, the technical possession remaining in himself, or he may, by such delivery, divest himself of the possession of the goods." 18 Am. & Eng. Enc. L. (2d ed.) 473. And this distinction is clearly drawn in the numerous authorities there cited. It is evident in the case at bar that there was no intention on the part of the clerk to divest himself of the legal possession of the pistol, or to give to the defendant aught but the mere custody thereof as contradistinguished from the legal possession. That being true, the act of trespass in taking the article out of the possession of the owner (or the clerk of the owner, who stood in his place, and who is herein referred to as the owner) did not begin until after the act of loading the pistol and pointing at the owner had taken place. The exact order and sequence of the different steps in the transaction, whereby the article passed from the legal possession of the owner to the possession of the accused, are tersely set forth in the following language of the clerk himself: "Joe Grant came in and asked to see the finest pistol in the house. I showed him a cheap gun, and he pushed it back and said, no, he wanted a better one than that; and I showed him the finest gun I had then. . . When I showed him the finest gun I had he pulled the cartridges from his pocket and loaded it, and held it in my face and says, 'Get back!' and I got back, and he ran out." Here there is ample evidence to have authorized the jury to find that the fear which compelled the owner of the pistol to surrender and relinquish its possession to the thief, or robber, preceded that relinquishment. And the relinquishment of the possession of the thing taken being subsequent to the fear of physical ill, and in consequence thereof, the act of taking constituted the crime of robbery. 2 Bish. New Crim. L. §1175. This case differs in a very material

particular from that of *Jackson* v. *State,* 114 *Ga.* 826, because in that case the pistol taken was never intrusted to the mere custody of the defendant by the owner for any purpose whatever while the owner retained the legal possession, but when it went into the hands of the defendant, Jackson, it was by his suddenly taking an actual possession of the thing; and the intimidation which the accused there practised was after the possession of the pistol had been changed from the owner to himself, and chiefly for the purpose of covering his flight, rather than of appropriating the article taken.

2. The exception to the portion of the court's charge above quoted seems to us to be well taken. There was no evidence that would authorize the instructions to the jury upon the subject of robbery by force, and yet there is more in the charge as given relating to robbery by force than to the offense of robbery by intimidation, as will be readily seen upon reading the excerpt referred to. And this extract contains the court's entire instructions for the guidance of the jury in determining what constituted the crime of robbery, and whether, under the evidence in the case, the defendant was guilty of that crime if he took the article under the circumstances narrated by the State's witnesses. No rule at all having been given to the jury whereby they might have determined whether the crime of robbery by intimidation had been committed, and there being no evidence which would have authorized them to find that the defendant was guilty of robbery by force, we are compelled to hold that the charge complained of was misleading and confusing, and hurtful to the defendant, and that a new trial should have been granted.

*Judgment reversed. All the Justices concur.*