## 22622.. RIVERS *v.* THE STATE.

DECIDED MAY 2, 1933.

*Frederick A. Tuten,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

MACINTYRE, J. The indictment in this case contained two counts: 1st, robbery by force and intimidation, and, 2d, robbery by sudden snatching. The jury returned a general verdict of guilty. A motion for a new trial was overruled, and the defendant excepted.

The indictment charged the commission of the same felony in three ways. *Pride* v. *State,* 125 *Ga.* 748 (54 S. E. 686). If the proof showed that in any one of the three ways the defendant committed the crime charged, a general verdict of guilty is good. However, when the crime charged has two grades, a general verdict of guilty will be construed as finding the defendant guilty of the higher grade, viz. robbery by force, and the proof would have to support the verdict for the higher grade. *Long* v. *State,* 12 *Ga.* 293; *Dean* v. *State,* 43 *Ga.* 218. The gist of the testimony for the State was in part that the defendant, a stranger, went into the store of the prosecutrix to see a suit of clothes; that she showed him a suit worth $2.50, wrapped it in a piece of paper, and put it on the counter, and waited for the money. The defendant grabbed the suit of clothes with one hand and simultaneously hit the prosecutrix in the face with the other hand, breaking her glasses. She "hollered for help. . . He threw the package back" and fled. He struck the daughter of the prosecutrix with an unopen knife, cutting her face.

Ground 1 of the amendment to the motion for a new trial alleges that the court did not charge the law applicable to the offense of assault with intent to rob. There is no merit in this ground. The evidence showed that the offense was consummated. Ground 2 of the motion alleges error because the judge failed to charge on robbery by intimidation, and confined himself to robbery by force by charging only the punishment for robbery by force and not charging the punishment for robbery by intimidation. It was only necessary, under the evidence, to charge the punishment for robbery by force.

The evidence did not show robbery by intimidation. *Clay* v. *State,* 122 *Ga.* 136, 137 (50 S. E. 56). In the next ground of the motion the defendant contends that "there was not force, and the asportation is lacking, as there was no carrying away of the alleged property," and that the defendant, "under the evidence adduced at the trial, was a customer, and in order to make a sale there had to be a delivery, and if the property was delivered to the defendant, the title thereto passed, and the prosecutrix, although the property was in her presence, was not the owner of the property, as the prisoner had the right to take the package off the counter, and the taking of the package, as the evidence discloses, would not be robbery by force and intimidation, nor would it be robbery by force and sudden snatching." The defendant had the right to take the clothes off the counter on condition that he paid the prosecutrix therefor. Neither the title nor the right to its possession became completed until this condition had been complied with, and even if he took the package off the counter, the constructive possession as well as the title remained in the owner until he had paid the purchase-price, this being a cash transaction. "There is a distinction between mere custody and possession. The owner of goods, by delivering them to another, may give such other person the mere custody or charge of the goods, the technical possession remaining in himself, or he may, by such delivery, divest himself of the possession of the goods." *Grant* v. *State,* 125 *Ga.* 259, 261 (54 S. E. 191). The grabbing of the clothes and the striking of the prosecutrix were simultaneous acts, and the thing that caused the prosecutrix to part with the possession of her property was the striking, and the striking by the defendant was for the purpose of appropriating the clothes, rather than of covering his flight. As to the asportation, "the slightest change of location whereby complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation." *Johnson* v. *State,* 9 *Ga. App.* 409 (2) (71 S. E. 507). "It is not necessary that the property should be permanently appropriated." *Slaughter* v. *State,* 113 *Ga.* 284, 287 (38 S. E. 854, 84 Am. St. R. 242). Grounds 4 and 5 of the motion are obviously without merit when the excerpts from the charge contained therein are considered in connection with the entire charge. Ground 6 of the motion alleges that the facts enumerated in the excerpt from the charge contained in this ground would not support a ver-

dict of robbery, for the same facts could have existed in an assault and battery case. The judge charged § 148 of the Penal Code of 1910, and added in the appropriate places the words "and with the intent to steal the same," defining the three ways in which robbery might be committed. He then charged the punishment for robbery by force and did not charge the punishment for robbery by intimidation. Robbery by intimidation, in our code, is the same as "putting in fear" at common law, and is constructive force, as where a person through fear is induced to part with his property. Robbery by actual force implies violence. If there is any injury done to the person or if there is a struggle to retain possession of the property before it is taken, it is the force referred to in our Penal Code. *Long* v. *State,* 12 *Ga.* 293, 294 (9, 10). Robbery by sudden snatching is where any other force is used than is necessary for the thief to obtain possession of the property from the owner who is off his guard, where there is no resistance by the owner or injury to her person. *Pride* v. *State,* supra. If the defendant struck the prosecutrix, as shown by the evidence which is referred to in this excerpt, and did that alone, he would have been guilty of assault and battery; but when this amounted to an injury to the person done by actual force, and the other elements of robbery were superadded, the assault and battery lost its identity and was merged into the greater crime of robbery. In this excerpt from the charge the judge was in effect saying that if the acts enumerated therein were proved, they would authorize a finding that the injury to the person was done by force, and if they found a robbery had been committed, the crime would be robbery by force in contradistinction to robbery by intimidation, and if the jury believed he was the man who committed the alleged robbery, these acts would authorize them to find him guilty of that particular grade of robbery, viz. robbery by force. Ground 7 complains that the court erred in failing to charge the different grades of robbery and the appropriate punishment for each grade. The judge having charged the code section defining the different grades of robbery, and the evidence showing robbery by force and not robbery by intimidation, there is no merit in this ground.

The testimony warranted the verdict; and no cause having been shown why a new trial should be granted, the judgment is

*Affirmed. Broyles, C. J., and Guerry, J., concur.*