## 28810. HICKS v. THE STATE.

INGRAM, Justice.

This appeal is from convictions and sentences of appellant after a trial in DeKalb Superior Court for the offenses of rape, armed robbery and burglary. Two life imprisonment sentences and a sentence of 20 years, to run consecutively with each other, were imposed in the trial court for these crimes.

The transcript of evidence reveals that at approximately 7:30 a.m. on January 22, 1973, the prosecutrix was awakened in her home in DeKalb County by the barking of the family dog, and as she opened her eyes she saw a black man standing beside her bed with a gun. He threatened harm to her small children if she failed to remain quiet. He then asked where the family kept its money and guns. She replied the family kept no guns and that the only money available was pocket change in her pocketbook. The man then stated he had already taken the money in the pocketbook and pushed the prosecutrix with the gun from the bedroom through

the hall and into the den. Again the intruder demanded money and guns, and the prosecutrix, in an effort to comply, stated there was some change in her children's bank. Appellant then replied, "I'm not going through all this for that change," whereupon he demanded the victim remove her nightgown. When she resisted, her children were again threatened and she was forced to disrobe. She was forced to lie on the floor with her gown over her face while the intruder, holding the gun on her, committed a sexual assault upon her. He then left with the victim's billfold, which had been taken from her pocketbook before she was awakened, and it contained $12 and several credit cards. Appellant was identified by the victim at a subsequent police lineup following his arrest for another crime unrelated to the present case. After appellant was indicted, tried before a jury and convicted of the present offenses, his motion for a new trial was overruled and that ruling is enumerated as error, along with other alleged errors in the trial court.

The first enumeration of error contained in this appeal asserts that the trial court erred in denying a motion for discovery and for inspection and production of evidence alleged to be favorable to appellant. Prior to the trial, appellant sought an order requiring the prosecution to disclose various materials which might be favorable to the defense. As a result, the trial judge ordered the state to produce both a list of its witnesses and any statements in its possession made by the appellant. In addition, the judge held an in camera inspection of the state's files and ordered disclosure of the lineup photographs and reports. However, the judge specifically refused to order disclosure of medical reports in the state's files, and of material outside those files, consisting of arrest records of the state's witnesses and conversations between police and witnesses not contained in the police reports. On this appeal, appellant cites this order as a breach of constitutional requirements of due process and relies on Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) in support of this contention.

A part of the material sought by appellant clearly was evidence which was not in the prosecution's file. This

evidence could have been obtained only if the prosecution actively sought it. For the trial court to require production by the state of this evidence would require the state to investigate the case for the defense. In our opinion, this goes beyond the constitutional limits of Brady which proscribed the "suppression by the prosecution of evidence favorable to an accused." 373 U. S. 83 (a). The prosecution does not "suppress" evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the state than to the defense. There is no merit in this contention. The other evidence sought by the defense consisted of medical reports which were in the prosecution's file at the time of appellant's pre-trial motion for discovery. These reports came to light when, during appellant's trial, the prosecution introduced evidence of two crimes which occurred in a manner similar to the criminal episode charged in the present indictment. Both of these prior crimes involved a burglary of a residence in the early hours of the morning, and in both cases the wife of the household was forced to submit to a sexual assault. During the trial, the state offered the testimony of the doctors who examined the molested women in these other cases, but the testimony revealed that in one case no motile sperm or other evidence of sexual intercourse was found, while in the other case there were no signs of trauma. This evidence was contained in the medical reports of these two doctors, and it is these medical reports which appellant complains on this appeal were proper for pre-trial disclosure under the Brady rule.

We have long observed that there is no Georgia statute or rule of practice which allows discovery in criminal cases. See *Pass v. State,* 227 Ga. 730 (12) (182 SE2d 779) (1971). But the question here deals not with Georgia law, but with the due process mandate of a fair trial. In further support of his argument, appellant cites the cases of Williams v. Dutton, 400 F2d 797 (5th Cir. 1968), cert. denied 393 U. S. 1105; and, United States v. Eley, 335 FSupp. 353 (N. D. Ga. 1972), both of which seem to interpret the Brady case as imposing an affirmative duty on the prosecution to disclose, on the defendant's pre-trial motion, evidence favorable to him in advance of

trial. Under this view, the concept of a fair trial is seen to include the right of a defendant to have pre-trial access to beneficial evidence in order to prepare his case for trial. In our view, Brady does not require the prosecution to open its file for general inspection by the defense or for pre-trial discovery. See also United States v. Moore, 439 F2d 1107 (6th Cir. 1971). The trial judge in the present case conducted an in camera inspection of the prosecution's file to determine if it contained material that should be disclosed under the Brady rule. The appellant has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection. See United States v. Harris, 458 F2d 670, 677 (5th Cir. 1972). Actually, the evidence which appellant sought was elicited during the trial, in part by the prosecution itself. It was, therefore, made available for the jury's consideration, and appellant has not shown how the lack of this information prior to trial so impaired his defense that he was denied a fair trial within the meaning of the Brady rule. Appellant argues that having prior knowledge of the evidence might have opened up new avenues for his defense at the trial. We think this argument, standing alone, is not enough, and, accordingly, find no constitutional error in this enumeration.

Appellant's second and third enumerations assert that the trial court erred in allowing testimony of other crimes allegedly committed by him which consisted of two incidents involving burglary, robbery and rape. Appellant concedes that his role in these independent crimes was clearly established, but contends on this appeal that these cases were not shown to be sufficiently similar to the criminal episode for which he was on trial to be probative of his involvement in it. In comparing the two other criminal episodes with the present one, the record shows that all three involved a burglary in the early hours of the morning. These incidents occurred at 7:30 a.m. in the present case, at 1:30 a.m. in another, and between 4 and 5 a.m. in the third. Entry was accomplished through either an unlocked window or an unlocked glass door. In each case, the culprit took small

items, such as jewelry, money and guns, eschewing larger items such as a television set. No fingerprints were left because in all three cases the trespasser wore gloves and in each instance a hat was pulled down over the intruder's eyes to conceal his identity. Each case involved a forcible sexual assault on the wife at gunpoint and a threat of harm to other members of the family. The three crimes occurred within a 6-month period and were in a common geographical area.

The general rule is that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. See *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897) (1903). The issue to which this testimony related in this case was that of the identity of the appellant as the person who committed the crimes with which he was charged. The state contends that the evidence in question was relevant to the case on trial, as the other two occurrences were clearly interwoven with the scheme employed in the instant case. We agree and hold this evidence was admissible to identify the accused and to illustrate a common motive and plan. *Allen v. State,* 201 Ga. 391 (1) (40 SE2d 144) (1946); *Gunter v. State,* 223 Ga. 290 (154 SE2d 608) (1967); *Anderson v. State,* 222 Ga. 561 (150 SE2d 638) (1966).

There was sufficient similarity in each of these instances to make the evidence admissible for the purpose of identifying the appellant as the guilty person in the present case and for illustrating his motive, plan, scheme, bent of mind and course of conduct. See *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271) (1972). Hence the trial court's denial of appellant's motion for a mistrial was not error.

Appellant's fourth enumeration of error relates to the testimony of a witness over objection at the trial whose name was not included on the original list of witnesses furnished by the prosecution pursuant to Code Ann. § 27-1403. On July 3, 1973, appellant made a written demand for such a list. On July 5, 1973, the prosecution made a list available to appellant, but later several supplemental lists were furnished, one of which was on July 13, 1973, and it contained the name of a Mr. Otwell.

Appellant went to trial on July 18, 1973, and when the state called Mr. Otwell, appellant objected to his testimony on the grounds that he was not named on the original list of witnesses. The court overruled this objection and Mr. Otwell was allowed to testify at the trial. It is this ruling which forms the basis of this enumeration of error. The state argues that appellant was arraigned on June 28, 1973, and that appellant thereafter had waived his right to make a demand for a list of the state's witnesses according to the terms of Code Ann. § 27-1403. See *Jones v. State,* 224 Ga. 283, 286 (161 SE2d 302) (1968). The record, however, indicates that appellant did not enter his plea of "not guilty" until July 18, 1973, and we must regard the date of arraignment as coincident with the date on which the accused was given an opportunity to plead in the case. Accordingly, we find that appellant's demand of July 3, 1973, was prior to his arraignment and did, therefore, comply with the terms of the statute. There remains for decision whether the state met its duty under Code Ann. § 27-1403 by releasing the names of its witnesses in a piecemeal fashion. There is no question here of the supplemental list containing witnesses whose testimony was "newly-discovered" evidence, as the prosecuting attorney never stated in his place that such was the case. In addition, we cannot dispose of appellant's argument on the ground that Mr. Otwell's testimony was merely cumulative or harmless. The sole question is whether upon sufficient demand by the accused the prosecution may furnish the name of its witnesses through several different lists furnished to the defendant. This appears to be a question of first impression. As was said by the Court of Appeals in *Smith v. State,* 123 Ga. App. 269, 272 (180 SE2d 556), "Every case relying on the Act [Code Ann. § 27-1403] so far has been found to come under an exception thereto." Such is not the case here as we are called upon in this appeal to interpret what the Act means. Its provisions are as follows: "Every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant, no

witness shall be permitted to testify for the state whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses."

It is evident that the transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. See *Emmett v. State,* 232 Ga. 110 (6) (205 SE2d 231). This purpose is served by requiring that the defendant receive the names of the witnesses promptly upon demand and at a reasonable time before trial. It is not necessary that the prosecution scrupulously comb its files to guarantee that the first list given the accused is absolutely complete under the harsh penalty of not being allowed to use any witness who inadvertently is left off the list. What is required is that the list must be complete within a reasonable time before trial so that the defense may be adequately prepared. What constitutes a reasonable time before trial must depend upon the nature of the case, the number of the state's witnesses, the nature of their testimony, and any other factor which may logically bear upon the question. In the present case, appellant had notice of the state's intention to use Mr. Otwell's testimony five days before the start of his trial. Whether this was a reasonable time before trial in this case has not been argued by appellant and it is unnecessary for us to reach this question. We decide only that the prosecution may furnish supplemental lists, even though the witnesses' names contained therein are not "newly-discovered," provided that the complete list is available to the accused promptly after his demand and at a reasonable time before trial. This enumeration of error is without merit.

In appellant's fifth enumeration of error, he complains the trial court allowed the prosecuting attorney to put to the jurors the statutory questions provided by Code § 59-806. Appellant argues that these

questions can be put to the jurors only by the court, and urges in support of this argument the provisions of Code Ann. § 59-705 which reads, in part: "In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge. Such examination shall be conducted after the administration of a preliminary oath to the panel or, in criminal cases, after the usual voir dire questions have been put by the court. . ." This Code section recognizes the court's ultimate responsibility for seeing that the statutory questions are put to the jurors but the court may delegate this responsibility to its officers, including the prosecuting attorney. See *Loomis v. State,* 78 Ga. App. 153, 172 (51 SE2d 13) (1948); *Jacobs v. State,* 1 Ga. App. 519, 521 (57 SE 1063) (1907); Code § 24-2908 (3). Nor do we accept appellant's argument that the prosecuting attorney was unduly cloaked with authority, to the prejudice of the defendant, by being allowed to propound the questions. This naked argument is conjectural and alone does not convince us that the trial court abused its discretion in this case. Accordingly, we find no merit in this enumeration.

The sixth enumeration of error complained of the refusal of the trial court to question the jurors on voir dire as to possible racial prejudice. In support of his contention, appellant relies on the case of Ham v. South Carolina, 409 U. S. 524 (1973), which held that the Fourteenth Amendment requires such questions on voir dire, upon timely request, if the possibility of racial prejudice exists. The requirement of that case is satisfied if, as here, counsel for the defense had the opportunity to interrogate the jurors on this issue. See *Loomis v. State,* supra; also, *White v. State,* 230 Ga. 327, 336 (196 SE2d 849).

Appellant's seventh enumeration of error is not supported by argument or citation of authority in his brief and must be considered as abandoned under Rule 18 (c) (2) of this court.

In appellant's eighth enumeration of error, complaint is made of the admission of testimony over objection pertaining to a lineup in which appellant was

identified as the man who committed the crimes charged in the indictment. It is first argued that this evidence should have been excluded because appellant was not informed that counsel would be appointed to represent him at the lineup if he could not afford an attorney. The record shows that appellant was arrested on April 14, 1973, and charged with the theft of a motor vehicle, a crime unrelated to the crimes with which we are concerned in this appeal. The lineup in question here took place on April 23, 1973, and it was not until the following day that a warrant was obtained for appellant's arrest for the commission of the crimes charged in the present indictment. It is unnecessary to decide whether this lineup took place before formal adversary judicial proceedings had begun in this case within the holding of Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972), requiring the presence of counsel. We recognize that Kirby does not lay down a hard and fast rule regarding the time when the right of counsel at a lineup attaches, and that the Constitution will protect against abuses in denying this right. However, even if the present lineup took place at a time when there was a right to counsel, any error in the admission of testimony as to the identification of appellant by the victim at the lineup was harmless error in this case. The record clearly shows a positive identification of the appellant by the prosecutrix at the trial independently of the lineup. At one point in her testimony, the victim testified at the trial that, "I couldn't forget his face." No cause for reversal is shown by this enumeration of error. Appellant also argues that the lineup testimony should have been excluded because the state failed to furnish him with a complete lineup report in disobeyance of the superior court's pre-trial order. Although appellant received a lineup report, when Investigator Glenn E. Sellers testified about the lineup it appears that this officer was referring to a supplemental report which appellant claims he did not receive. Appellant cites no case or statute which requires the exclusion of relevant evidence because the prosecution failed to comply in advance of trial with a pre-trial order to disclose evidence to the defendant. In addition, appellant has not shown any facts which

required the trial court to exclude this evidence on the basis of prejudicial surprise. We, therefore, find the eighth enumeration of error also to be without merit.

Appellant argues in his ninth enumeration of error that the trial court erred in not instructing the jury that an emotional outburst by the prosecutrix should be disregarded. The record shows that immediately after the outburst the court ordered the jury to retire and cautioned the witness that she would have to compose herself. While the jury was out, appellant's counsel moved that the remarks be stricken and the trial court so ordered, but when the jury returned the prosecution proceeded with its case, and no instructions to the jury were given. The record shows, however, that appellant's counsel did not bring this oversight to the attention of the court, nor raise any objection to the continuation of the trial. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *White v. State,* 231 Ga. 290, 294 (201 SE2d 436) (1973). This enumeration also is without merit.

In four other enumerations of error, appellant urges that the trial court should have granted a directed verdict for him on all three counts, and that the verdict was contrary to the evidence and to the law. After carefully reviewing the record, we conclude that the state presented a sufficient case to authorize the jury to convict appellant for the offenses of burglary and rape, and that the evidence supports the verdict on these counts. With respect to the count of armed robbery, the evidence showed that appellant entered the house of the prosecutrix by stealth while she was still asleep. Finding her pocketbook, he took from it the victim's billfold which contained money and credit cards. Subsequently, appellant waked the victim to demand, at gunpoint, money and guns. However, he received nothing further and, at the time he left the premises, he retained only the billfold taken earlier without using force. Appellant urges that this sequence of events cannot support a charge of armed robbery because whatever force and fear was visited upon the victim, came at a time subsequent to the actual taking of the victim's property. The rule

which appellant urges is that to constitute armed robbery the force and fear must precede or be contemporaneous with the taking. See 77 CJS 457, Robbery, § 11 (1952). The district attorney, on the other hand, argues that "the taking was [a] continuing transaction that ended only when appellant left the house," and also cites the case of *Clements v. State,* 84 Ga. 660, 663 (11 SE 505, 20 ASR 385) (1890). In that case, the constructive force of intimidation preceded the theft of the victim's property. We find it impossible to reconcile the theory of a "continuing transaction" with previous decisions of this court which have held that force used in an attempt to escape with property taken by larceny does not transform the crime into robbery. See *Fanning v. State,* 66 Ga. 167 (1880); *Jackson v. State,* 114 Ga. 826 (40 SE 1001, 88 ASR 60) (1902); but, cf. *Grant v. State,* 125 Ga. 259 (1) (54 SE 191) (1906). See, also, *Nelson v. State,* 203 Ga. 330, 338 (46 SE2d 488).

We conclude that the taking in this case occurred when the billfold was removed from the pocketbook by appellant while the victim was still asleep, and not thereafter as contended by the state. Code Ann. § 26-1902 provides as follows: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense robbery by intimidation shall be a lesser included offense ..." This section clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person. The record discloses that this did not occur in the present case, and, accordingly, we must reverse the conviction of appellant on the count of armed robbery.

Appellant's last enumeration of error urges that the trial court erred in ordering that his sentences run consecutively as the jury did not so specify. We agree this procedure was error under the decisions of this court in *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271) (1973), and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974), and the trial court is directed to enter concurrent sentences of life imprisonment and 20 years imprisonment for the

convictions of rape and burglary which are hereby affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED APRIL 12, 1974 — DECIDED JUNE 18, 1974.

*Michael J. Kovacich,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr.,* for appellee.