## 68143. BYRD v. THE STATE.

McMurray, Chief Judge.

Defendant was indicted and convicted of the offense of robbery by sudden snatching. Defendant appeals. *Held*:

1. Defendant's first two enumerations of error address the sufficiency of the evidence. Defendant contends there is no evidence that he acquired control of the stolen property by sudden snatching.

The State's evidence shows: Defendant was in a gift shop on the morning of the robbery, ostensibly shopping for a diamond ring for his girl friend. Defendant told the sales clerk that he wanted to check with his girl friend as to the type (round or oval) of ring she wanted and would return. That afternoon defendant returned and after examining other merchandise once again represented that he wanted to pick out a diamond ring for his girl friend. The sales clerk removed a number of diamond rings from the display case so that defendant could examine them. The sales clerk testified that defendant had two of the diamond rings in his hand, and she was showing him another one "and he took it out of [her] hand and walked — said 'I believe I'll take all three of them,' and walked out the door." It is clear that the sales clerk first became aware that something was amiss when defendant indicated that he would take all three rings and started for the door. The sales clerk testified that the rings were not snatched away from her and it is clear from the evidence that the sales clerk consented to the defendant holding the rings in his hands.

Defendant contends in his brief that the person, identified as him at trial, had all three rings in his possession before the sales clerk became aware that something was wrong and that, as there was no use of or threat of force to obtain possession of the rings, there was no robbery. Defendant misunderstands the distinction between custody and possession. See *Rivers v. State*, 46 Ga. App. 778 (4) (169 SE 260). While the diamond rings were entrusted to the custody of the defendant for the specific purpose of examination with a view to a possible sale of one of the rings to the defendant, until such a sale is consummated the legal possession was not changed from the sales clerk (and her employer) to the defendant. *Grant v. State*, 125 Ga. 259, 260 (1) (54 SE 191) (robbery by intimidation). As the defendant exited the store the sales clerk became conscious that something was being taken from her possession (and from the possession of the gift shop, her employer) before the taking was complete, and that she was unable to prevent it. Under these circumstances the offense of robbery is committed. *Williams v. State*, 9 Ga. App. 170 (1) (70 SE 890). "Robbery by sudden snatching is where no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to

his person. *Rivers v. State*, 46 Ga. App. 778 (2) (169 SE 260)." *Edwards v. State*, 224 Ga. 684, 686 (2) (164 SE2d 120).

We have examined the record and transcript and find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of defendant beyond a reasonable doubt of the offense of robbery by sudden snatching. See *Harris v. State*, 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State*, 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State*, 240 Ga. 807, 811 (II) (1) (243 SE2d 1); *Cook v. State*, 249 Ga. 709, 710 (1) (292 SE2d 844); *Logue v. State*, 251 Ga. 602 (2) (308 SE2d 189).

2. The evidence shows that either robbery by sudden snatching or no crime at all was committed, therefore, it was not error for the trial court to fail to charge on the lesser offense of theft by taking. *Durden v. State*, 161 Ga. App. 314 (2) (287 SE2d 767); *Hinton v. State*, 127 Ga. App. 108 (192 SE2d 717).

3. Prior to trial, the trial court, in response to defendant's motion, ordered the State "to reveal to the defendant any information known to it which is arguably favorable to the defendant or of an exculpatory nature." At trial the defendant again requested access to any exculpatory materials available to the State. See Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). The trial court conducted an in camera review of the prosecution's file and sealed a copy of the file for possible appellate purposes. No information was ever provided to defendant from the prosecution files, and defendant now contends that material relevant to both guilt and punishment was improperly withheld. However, defendant fails to name the alleged materially exculpatory evidence nor describe how it is material. Defendant urges this court to examine the materials sealed and make a determination of whether or not information favorable or arguably favorable to defendant was withheld.

"We will not assume such a burden. This court is not a trial court and not a factfinder. The Court of Appeals is a court for the correction of errors below; it is not a court of original jurisdiction. Georgia Constitution, Art. VI, Sec. II, Par. VII (Code Ann. § 2-3108); see *Diamond v. Chatham County Bd. of Tax Assessors*, 135 Ga. App. 645, 646 (218 SE2d 657). If the possibility that materially exculpatory evidence was suppressed is so strong, the defendant ought at least be able to name it and describe how it is material. Otherwise he has no right, under Brady or otherwise, to ask this court to fish amongst the files and substitute its judgment for that of the trial court. [*Dickey v. State*, 240 Ga. 634, 636 (242 SE2d 55); *Durham v. State*, 239 Ga. 697, 700 (238 SE2d 334); *Payne v. State*, 233 Ga. 294, 296-297 (210 SE2d 775); *Collins v. State*, 143 Ga. App. 583, 585-586 (239 SE2d 232)]." *Barnes v. State*, 157 Ga. App. 582, 589 (277 SE2d 916).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 7, 1984 —
REHEARING DENIED JUNE 26, 1984 —

*Steven E. Lister*, for appellant.
*Stephen A. Williams, District Attorney, Ralph M. Hinman, Assistant District Attorney*, for appellee.