## 74684. CANTRELL v. THE STATE.
(361 SE2d 689)

BENHAM, Judge.

Appellant was convicted of robbery by force under an indictment which alleged that appellant took a gold necklace from Buffington through the use of force by hitting, beating, and striking Buffington about the face. Buffington testified that he met appellant on the street, that they knew each other from high school, that appellant asked to see the necklace Buffington was wearing, that appellant put the necklace in his pocket and turned to walk away, that Buffington followed appellant, demanding the return of the necklace, and that appellant and another man hit him in the face. Appellant's testimony was that Buffington asked him to barter the necklace for cocaine and that when his efforts to do so failed, Buffington sold him the necklace for $30.

1. In his first two enumerations of error, appellant contends that

the evidence was not sufficient to support his conviction and that the paucity of evidence rendered erroneous the giving of a charge on robbery by force. Specifically, appellant contends that the evidence shows that the force employed was not contemporaneous with the taking, rendering proof of robbery by force impossible. See *Hicks v. State*, 232 Ga. 393, 402 (207 SE2d 30) (1974). We disagree.

Although appellant had custody of the necklace pursuant to Buffington's consent, possession of the necklace did not change to appellant until Buffington, by means of violence, had been dissuaded from seeking its return. That being so, it was the force which effected the taking. See *Grant v. State*, 125 Ga. 259 (1) (54 SE 191) (1906); *Byrd v. State*, 171 Ga. App. 344 (1) (319 SE2d 460) (1984); *Rivers v. State*, 46 Ga. App. 778 (4) (169 SE 260) (1933). The evidence presented was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of robbery by force. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rivers*, supra.

2. In his final enumeration of error, appellant complains of the admission of testimony relating to a statement made by appellant to a police officer. It developed at trial that appellant had made two statements. The first one, which was exculpatory, was admitted. When the State attempted to present testimony concerning the second statement, appellant objected on the ground that the State had failed to provide the defense with a copy of the statement. See OCGA § 17-7-210. In the ensuing colloquy, it appeared that defense counsel had asked at a preliminary hearing whether there were any statements by appellant, that the prosecuting attorney had stated in his place that there was only one and that he would provide a copy of it without a motion, that the police officer to whom appellant made the statement did not report the statement until the morning of trial, and that the State did not reveal the statement to the defense until the testimony about the statement was elicited at trial. Recognizing that there had been no written motion pursuant to OCGA § 17-7-210, the trial court nonetheless excluded the testimony because of the State's failure to disclose the statement for several hours. The State subsequently sought admission of the excluded testimony on rebuttal. The trial court ruled that the State could use the testimony only if appellant took the stand and testified contrary to the statement, and then denied making the statement on cross-examination. Appellant did both things, and the trial court allowed the State to put on evidence of a statement in which appellant admitted the robbery and implicated another person. On appeal, appellant contends that the testimony was inadmissible because of the State's failure to disclose it and because the statement was confidential.

Since appellant did not file a written motion under OCGA § 17-7-

210, exclusion of the statement was not mandated by the statute. However, it appears that the trial court's action in excluding the testimony was within its broad discretion in controlling the conduct of trial. By the same token, it appears that the admission of the testimony after appellant took the stand and testified to a state of facts contrary to his in-custody statement was within the trial court's discretion as well. "It is the duty of the trial court to control the trial of the case and to ensure a fair trial to both sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in that trial. The trial judge has broad discretion in handling these matters, and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial. [Cits.]" *Westerfield v. State*, 176 Ga. App. 195 (3b) (335 SE2d 702) (1985).

The evidence at trial does not support appellant's contention that the statement was excludable on the basis of a privilege of confidentiality. The police officer who testified about the statement swore that appellant volunteered the information in an effort to make a deal for leniency, a deal the officer had refused and continued to refuse. The fact that the police officer was also a licensed attorney did not make the statement confidential since there was no attorney-client privilege established. *Spence v. State*, 252 Ga. 338 (4) (313 SE2d 475) (1984). The officer's testimony that he considered the statement confidential does not raise any privilege of which we are aware, and appellant has suggested none cognizable at law. The evidence established the statement's voluntary nature, and the trial court's finding in that regard was not clearly erroneous. We hold, therefore, that there was no error in the admission of the testimony. *Spence*, supra, Division 2 (c).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987.

*Robert E. Andrews, James M. Walters*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.