## A92A0078. DANIELS v. THE STATE.
### (418 SE2d 137)

JOHNSON, Judge.

Larrice Daniels (Daniels) and his stepfather James Nolan Partridge (Partridge) were indicted for malice murder in connection with the shooting death of Eric McDowell (McDowell). Daniels was convicted of voluntary manslaughter. He brings this appeal from the denial of his motion for new trial.

On the afternoon of April 5, 1990, Partridge, a resident of Perry Homes in Atlanta, went to play cards with several of his neighbors at a table set up outside one of the apartments. Ms. Tarhoney Winfrey (Winfrey) stated that she did not want Partridge to play because he was a "sore loser." She also called him a "sissy bitch" several times, despite his having told her to stop. Partridge then slapped her with the cards he was holding. Winfrey went to get a knife, but was distracted by a friend who convinced her to go to the store with her to buy beer. On the way back from the store, Winfrey encountered her boyfriend, McDowell, who was told of the incident and who approached Partridge to talk about it. Partridge was clear about not wanting to discuss it further. At that point, Winfrey threw a full can of beer at Partridge which hit him in the face. A fight broke out between Partridge and McDowell. McDowell seemed to have gotten the better of Partridge, who then yelled to his stepson, Daniels, to go and get his gun.

McDowell ran off, pursued by Partridge. McDowell tripped, and was on the ground when Daniels appeared with a nine millimeter semi-automatic handgun. McDowell was shot twice at close range as he lay on the ground. The only facts in dispute are whether Partridge fired both shots, or if Daniels shot first and then handed the gun to his stepfather to fire the second. McDowell died immediately.

1. Daniels contends that the trial court erred in refusing to allow the defense to present evidence of a prior inconsistent statement made by one of the State's witnesses to a private investigator retained by the defense. At trial Elantria Tate testified in detail about the shooting. She admitted that prior to trial she was interviewed by a defense investigator and signed a statement he had prepared. She also testified that her child ran off during the interview and that she had ended their discussion to find him. Defense counsel was permitted to cross-examine Ms. Tate about the statement, but did not attempt to show her the summary at trial or to impeach her testimony based upon it. Later in the trial, the defense made a proffer of the statement through the testimony of Marvin Dixon, the defense investigator. The statement read: "This witness did not see the actually [sic] shooting." The court properly excluded the statement.

It is clear that OCGA § 24-9-83 requires that in order to impeach

a witness with previously given contradictory statements, the written statement must be shown or read to the witness. This was not done during her testimony. Further, when a witness admits making prior inconsistent statements, he has impeached himself and it is not error to exclude the statements themselves from evidence. *Dickey v. State*, 240 Ga. 634, 639 (3) (242 SE2d 55) (1978); *Harden v. State*, 166 Ga. App. 536, 537 (3) (304 SE2d 748) (1983); *Patrick v. State*, 150 Ga. App. 266 (1) (257 SE2d 356) (1979). In this case, the witness admitted making the statement and was available for cross-examination on the subject of its contents. Therefore, it was not error for the trial court to refuse to admit the statement itself.

2. Daniels' second and final enumeration of error asserts that the evidence presented at trial was insufficient to support the jury's verdict, and therefore the trial court erred in failing to grant his motion for a new trial. Reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1992.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Charles W. Smegal, Nancy A. Grace*, Assistant District Attorneys, for appellee.