## S93G1756. VINCENT v. THE STATE.
(442 SE2d 748)

THOMPSON, Justice.

We granted certiorari in this case, *Vincent v. State*, 210 Ga. App. 6 (435 SE2d 222) (1993), to consider whether a witness who has been impeached by the introduction of a certified copy of a previous felony conviction, but who has not attempted to rehabilitate her character by explaining the circumstances of the conviction, can be cross-examined concerning the facts surrounding the conviction. We conclude that she cannot.

During the cross-examination of defendant's sister, the state tendered certified copies of her prior convictions for armed robbery and voluntary manslaughter for purposes of impeachment. These records were admitted into evidence without objection. Thereafter, the state questioned the sister about the facts surrounding her conviction for voluntary manslaughter. Defense counsel objected, pointing out that the sister had already been impeached. The objection was overruled and the state continued to "bolster" its impeachment evidence, eliciting testimony concerning the particulars of the voluntary manslaughter conviction.

On appeal, defendant argued that the trial court erred in allowing the state to cross-examine her sister about the facts and circumstances surrounding her sister's conviction for voluntary manslaughter. A majority of the Court of Appeals held that defendant's objection at trial differed from the ground argued on appeal and that, therefore, defendant's argument could not be considered. It also held that, even if the argument had been raised properly, any error in admitting the facts and circumstances surrounding the voluntary manslaughter conviction was harmless. *Vincent v. State*, supra at 7. Thus, the Court of Appeals never reached the question which we requested the parties to address on certiorari.

We conclude that defendant properly preserved her argument when she interposed her objection in the trial court. Thus, we go on to decide the question at hand.

> A witness may be impeached in any one of the methods set forth in [OCGA § 24-9-80 et seq.], by disproving facts testified to by him ([OCGA § 24-9-82]), by previous contradictory statements ([OCGA § 24-9-83]), evidence of general bad character ([OCGA § 24-9-84]), and proof of conviction of a crime involving moral turpitude (*Beach v. State*, 138 Ga.

265 (1) (75 SE 139)).

*McCarty v. State,* 139 Ga. App. 101, 102 (227 SE2d 898) (1976). In this case, the state successfully impeached defendant's sister by tendering certified copies of her previous convictions for armed robbery and voluntary manslaughter. But the state went further, questioning the witness about the details of her voluntary manslaughter conviction. Inasmuch as the witness had already been impeached, and she did not attempt to rehabilitate her character by explaining the circumstances of her convictions (see *Belvin v. Houston Fertilizer &c. Co.,* 169 Ga. App. 100, 101 (2) (311 SE2d 526) (1983)), the facts surrounding the voluntary manslaughter conviction should have been excluded. See generally *Bryant v. State,* 174 Ga. App. 676, 678 (331 SE2d 16) (1985); *Burse v. State,* 170 Ga. App. 775 (2) (318 SE2d 511) (1984). It follows that the trial court erred in permitting the state to "bolster" its impeachment evidence.

Did the trial court's error require reversal? Before defendant interposed her objection, the state asked and the witness answered several questions pertaining to the voluntary manslaughter conviction. The questions and answers that followed the overruling of defendant's objection were not substantially different. Consequently, any error in permitting the state to question defendant's sister about the details of her voluntary manslaughter conviction was harmless. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). In addition, a conviction will be affirmed despite error if it is highly probable that the error did not contribute to the verdict. Id.; *Vaughn v. State,* 248 Ga. 127, 131 (2) (281 SE2d 594) (1981). Overwhelming evidence of Vincent's guilt, including the testimony of the victim as well as the contradictory and inconsistent statements of defendant and her sister, renders the error harmless.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994.

*Alden W. Snead, J. M. Raffauf, Jill L. Anderson,* for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.