S97A1502. WOODS v. THE STATE.
(495 SE2d 282)

BENHAM, Chief Justice.

Timothy "Joe" McNeal was killed by a gunshot wound to his head, and Walter Golphin suffered four gunshot wounds to the right side of his head, his right shoulder, and his right arm when the two men were shot as they sat in their car on a Chatham County residential street. Appellant was convicted of felony murder, aggravated assault, aggravated battery, armed robbery, possession of a firearm in the commission of a felony, and possession of a firearm by a convicted felon in connection with the shootings.[1]

1. Two men were seen fleeing the shooting site in a white pickup truck immediately after the shots were fired. Police investigators found a white truck with bloodstains which matched the blood of McNeal, and traced its ownership to appellant's co-indictee, Frank Hodges. A friend of Hodges testified that Hodges and appellant had come to her home around 10:00 p.m. the night of the shooting, and Hodges had called McNeal seeking to purchase $300 worth of crack cocaine, an unusually large amount for Hodges to seek from McNeal. The witness stated that appellant was carrying a large silver gun in the waistband of his pants when the two men left together. Within an hour of their departure, Hodges called the witness, who joined Hodges at his home and smoked crack cocaine provided by Hodges. The witness testified that Hodges told her that he had obtained the crack cocaine from McNeal. Hodges, who was tried separately prior to appellant's trial, did not testify at appellant's trial, but appellant

---

[1] The crimes took place on May 4, 1995. Appellant was arrested three days later at Georgia Regional Hospital and charged in a 21-count indictment returned on March 27, 1996. His trial commenced on September 17, 1996, and concluded with the jury's return of guilty verdicts on September 20. Appellant was sentenced on September 27 to life imprisonment for the felony murder conviction and concurrent and consecutive terms of years for the convictions for aggravated assault, aggravated battery, armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm while a convicted felon. His motion for new trial, filed October 25, was denied March 28, 1997. His notice of appeal was filed April 25, 1997, and the case was docketed in this Court on June 10. The appeal was submitted for decision on briefs.

testified that he believed Hodges had obtained cocaine the night of the shooting because Hodges had cocaine in his hand when the duo returned to Hodges' house after the shooting.

The surviving shooting victim, Walter Golphin, testified that he was an auto mechanic who had been asked by McNeal to ride with him in McNeal's car to ascertain the source of a rattling noise in the car. While Golphin was driving McNeal's car, McNeal's beeper went off and McNeal explained he had to go to a certain place to pick up money from a man in a white truck. Golphin drove McNeal to the designated site, where a white pickup truck flashed its lights as McNeal's car approached. Golphin drove past the parked truck, turned around, and pulled alongside the other vehicle. Hodges left the driver's seat of the pickup truck, walked to the passenger side of McNeal's car, and talked with McNeal. Hodges then called to Woods who left the pickup truck, conferred briefly with Hodges, and went to the passenger side of the car with Hodges. From this vantage point, Woods said, "I guess this is it," and fired multiple shots into McNeal's car, killing McNeal and injuring Golphin. Police reported that McNeal was found with $400 in one pocket, and $148 in another pocket. Golphin testified that his wounds had rendered his right arm useless immediately after the shooting and that his hand remained numb, making it impossible for him to write or continue his work as an auto mechanic.

In his defense, Woods testified that he fired his weapon after Golphin pointed a gun at him and said, "This ain't none of your . . . business, cracker. I'll blow your head off." Investigators found a gun under the driver's seat of McNeal's car, but Golphin denied handling the weapon or making the threatening statement, and no finger-prints were found on the weapon.

The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of felony murder, aggravated assault, aggravated battery, and the weapon possession charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At issue in appellant's first enumerated error is whether he was entitled to a directed verdict of acquittal on the charge that he took possession of the crack cocaine from McNeal by use of an offensive weapon. An appellate court reviewing a trial court's denial of a motion for directed verdict of acquittal applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra, 443 U. S. 307. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984). See also *Perry v. State*, 222 Ga. App. 445, 446 (474 SE2d 199) (1996).

Contrary to appellant's assertion, contraband can be the object of armed robbery. *Holcomb v. State*, 268 Ga. 100 (5) (485 SE2d 192) (1997). The issue before us is whether there was sufficient evidence

from which the jury could determine that the cocaine Hodges possessed after the shooting came from McNeal, and was obtained from McNeal by use of an offensive weapon. Appellant's testimony that Hodges had cocaine upon their return to Hodges' home after the shooting is sufficient to support the conclusion that Hodges had obtained the cocaine from McNeal, so we turn our attention to appellant's contention that there is not sufficient evidence that the cocaine was obtained by use of the offensive weapon since the transfer of possession of the cocaine took place before appellant's weapon came into play. See *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). See also *Miles v. State*, 261 Ga. 232 (1) (b) (403 SE2d 794) (1991) (where evidence failed to establish whether defendant took the victim's property and then killed the victim, or killed the victim and then took the victim's property, the defendant's armed robbery conviction must be reversed).

Appellant's contention misses the mark because it is based on the assumption that Hodges' custody of the cocaine constituted legal possession. However, Hodges was given custody of the cocaine by McNeal upon the condition that its equivalent in value be returned immediately to McNeal. Consequently, Hodges' custody of the contraband did not ripen into legal possession until the condition of payment was fulfilled, and McNeal retained constructive possession and title to the property until payment was received. *Grant v. State*, 125 Ga. 259 (1) (54 SE 191) (1906). Appellant's act of mortally wounding McNeal before payment was made was the force that caused McNeal to part with the possession of his property. *Cantrell v. State*, 184 Ga. App. 384 (1) (361 SE2d 689) (1987); *Rivers v. State*, 46 Ga. App. 778 (4) (169 SE 260) (1933). Use of an offensive weapon to inflict that injury made appellant's crime armed robbery (OCGA § 16-8-41 (a)), and the trial court did not err when it denied the motion for directed verdict of acquittal.

3. During cross-examination of Golphin, appellant's counsel attempted to refresh Golphin's recollection by using a report prepared by an officer who had interviewed Golphin. Counsel wished to refresh Golphin's recollection in order to impeach a portion of Golphin's trial testimony which was contrary to the officer's summary of his conversation with Golphin. Appellant contends the trial court deprived him of an effective cross-examination of Golphin when the trial court refused to permit appellant to use the officer's report to refresh Golphin's recollection.

OCGA § 24-9-69 permits a witness to "refresh and assist his memory by the use of any written instrument or memorandum . . . [,]" and does not require the written document so used to have been prepared by the witness, so long as the witness testifies from personal recollection. *Ussery v. State*, 195 Ga. App. 394 (3) (393 SE2d

522) (1990). Accordingly, it was error for the trial court to refuse to allow the witness to refresh his recollection with the officer's report. However, that error was rendered harmless since appellant's goal was to use Golphin's refreshed recollection to impeach him in an impermissible manner — with a document created by one other than the witness and which the witness had not signed. Furthermore, the jury would have been authorized to find that Golphin's testimony was impeached. If, upon refreshing his recollection with the officer's report, Golphin had admitted the accuracy of the report, he would have impeached himself. *Daniels v. State*, 203 Ga. App. 873 (418 SE2d 137) (1992). Had Golphin not impeached himself by admitting the report's accuracy, the jury would have been authorized to find that he was impeached when the officer testified about the contents of Golphin's statement to him. We conclude that no reversible error took place since appellant was not harmed by the trial court's refusal to allow counsel to refresh Golphin's recollection with the officer's report. Our holding in Division 8 of *Hull v. State*, 265 Ga. 757 (462 SE2d 596) (1995), suggesting that an officer's authenticated written report was admissible to impeach a witness who had not created the report is disapproved. The witness in such a situation is impeached by the officer's testimony, not the officer's written report.

4. Appellant asserts that the trial court also limited his right to cross-examine a witness about the witness's criminal history. Appellant's trial counsel was not allowed to question the witness about the facts underlying his criminal convictions, and was limited to tendering in evidence certified copies of the witness's prior convictions. The witness was successfully impeached by the proffered certified copies, and the trial court did not err in refusing to permit appellant to "bolster" its impeachment evidence of the witness who had not attempted to rehabilitate his character. See *Vincent v. State*, 264 Ga. 234 (442 SE2d 748) (1994).

5. In an effort to establish that appellant had been justified in firing his weapon since Golphin had pointed a gun at him and verbally threatened appellant, appellant's counsel sought to introduce evidence concerning McNeal's general reputation for violence. The trial court disallowed the testimony after concluding that appellant had not laid a sufficient foundation for the admission of evidence of the victim's bad character.

The general rule is that a murder victim's reputation for violence is irrelevant and inadmissible in criminal proceedings (OCGA § 24-3-2), but may be offered by the accused upon making a prima facie showing that the victim was the aggressor and was assaulting the accused, who acted to defend himself. *Bennett v. State*, 254 Ga. 162 (3) (a) (326 SE2d 438) (1985). Then, the evidence of the victim's reputation for violence is admissible to corroborate the accused's testi-

mony that the victim was violent when the accused killed the victim, and to show that the accused acted in reasonable fear. Id. In the case at bar, appellant never testified that he feared McNeal or that McNeal acted violently the night he was shot, but asserts that evidence of McNeal's reputation for violence is admissible because he was acting in concert with Golphin who acted violently by threatening appellant with a gun, causing appellant reasonable fear. Even if we assume that the violence of one person acting in concert with another is sufficient to authorize the admission of general reputation evidence of the latter, such evidence would not be admissible in this case since there was no evidence that Golphin and McNeal were acting in concert. In fact, the record is replete with Golphin's repeated denials of working for or with McNeal in any capacity other than as an auto mechanic. For the same reason, appellant's attempt to present testimony about a specific prior bad act purportedly performed by McNeal against a third party was correctly denied (see *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991)), as was his attempt to introduce into evidence testimony that the State Crime Lab report indicated the presence of cocaine in McNeal's bloodstream. Furthermore, the latter evidence was not admissible as impeachment of Golphin since his testimony never touched on whether McNeal had consumed cocaine in Golphin's presence that evening. The trial court did not err in refusing to allow the evidence.

*Judgment affirmed. All the Justices concur.*

HUNSTEIN, Justice, concurring.

I concur fully in the majority's opinion and write in regard to Division 3 in order to state that a document prepared by a third party can be used to refresh the recollection of a witness but if counsel wishes to use such a document to impeach the witness, the document must be authenticated by the proper party before it can be so used. In this case, counsel wanted to refresh Golphin's recollection of making a statement to a police officer by offering Golphin a copy of the officer's written report setting forth that statement. Use of the police report for this purpose was allowable under OCGA § 24-9-69 and the trial court's refusal to allow the recollection testimony was error. However, defense counsel's actual purpose for refreshing Golphin's recollection was to impeach Golphin with the prior inconsistent statement contained in the police report. Use of the report to impeach the witness was not allowable because Golphin did not create or sign the report and thus could not authenticate it. Further, the officer who created the police report subsequently testified so that the evidence was available to impeach Golphin's trial testimony. Accordingly, I agree with the majority that the trial court's error in refusing to allow the witness to refresh his recollection with the

police report was rendered harmless.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this concurrence.

DECIDED FEBRUARY 9, 1998.

*Davis Cohen,* for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.