S02A1683. BROWN v. THE STATE.
(576 SE2d 870)

SEARS, Presiding Justice.

Appellant Javari Brown was jointly tried with Antonio Johnson for several crimes relating to the shooting death of Tara Wimberly. After a jury trial, Brown was convicted of the malice murder of Ms. Wimberly, of the aggravated assault of her husband, Mr. Wimberly, and of the possession of a firearm during the commission of a crime.[1] Johnson was convicted of the felony murder of Ms. Wimberly and of the possession of a firearm during the commission of a crime. This Court already has affirmed Johnson's appeal from his convictions.[2] In the present appeal, Brown raises numerous issues, including that the trial court erred in denying his motion to sever his trial from

---

[1] The crimes occurred on April 30, 1995. Brown was indicted on June 13, 1995, and a jury returned its verdict of guilty on April 4, 1996. On May 3, 1996, the trial court sentenced Brown to life in prison for malice murder, to twenty concurrent years in prison for the aggravated assault of Mr. Wimberly, and to five consecutive years in prison for the possession offense. The court reporter certified the trial transcript on December 2, 1997. On October 5, 2000, the trial court granted Brown an out-of-time appeal, and on October 13, 2000, Brown filed a motion for new trial. On November 2, 2000, the trial court denied the motion for new trial. On November 10, Brown filed a notice of appeal, and on December 20, 2000, the appeal was docketed in this Court. On March 19, 2001, however, this Court removed the appeal from the docket because of the failure of Brown's attorney to comply with orders of this Court directing him to file a brief by certain dates. This Court remanded the case to the trial court for it to determine whether new appellate counsel should be appointed or whether any other appropriate action should be taken. On June 25, 2001, the trial court entered an appropriate order on remand, and granted Brown another out-of-time appeal. Although Brown filed a brief in this Court on July 16, 2001, he did not file a new notice of appeal. Because he should have done so, this Court dismissed his appeal on February 25, 2002. On May 1, 2002, Brown filed another motion for out-of-time appeal, and on July 1, 2002, the trial court granted the motion. On July 9, 2002, Brown filed a timely notice of appeal, and the appeal was docketed in this Court on July 19, 2002. The case was submitted for decision on briefs on September 9, 2002.

[2] *Johnson v. State*, 275 Ga. 650 (571 SE2d 782) (2002).

Johnson's, that the trial court improperly limited his cross-examination of a state's witness, and that the trial court erred in admitting a photograph depicting the gunshot wound to the victim's head. For the reasons that follow, we find these contentions, as well as Brown's other contentions, to be without merit. Accordingly, we affirm his convictions.

1. The evidence at Brown's and Johnson's trial has been stated in this Court's opinion affirming Johnson's convictions,[3] and it is unnecessary to reiterate that evidence in this opinion. Having reviewed the record in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to have found Brown guilty beyond a reasonable doubt of the malice murder of Ms. Wimberly, of the aggravated assault of Mr. Wimberly, and of the possession of a firearm during the commission of a crime.[4]

2. Brown contends that the trial court erred in granting the State's motion in limine to preclude him from referring in closing argument to the disparity between the number of witnesses subpoenaed by the State and the number of witnesses called to testify at trial. However,

> [s]ince there was no evidence before the jury in the present case that any witnesses not called by the State had knowledge of material and relevant facts, the defense would not have been entitled under [*Morgan v. State*][5] to make the argument the trial court forbade. That being so, we conclude there was no error in the trial court's grant of the motion in limine.[6]

3. Brown contends that the trial court improperly limited his cross-examination of a State's witness when it precluded Brown from asking the witness about the specific underlying facts of pending criminal charges. We disagree.

This Court has repeatedly held that, with regard to impeachment by prior convictions, the specific facts underlying the crime are irrelevant "unless the witness attempts to rehabilitate himself by explaining the circumstances of his conviction."[7] Moreover, we can discern no reason for adopting a blanket rule, as urged by Brown, that would permit a defendant to cross-examine a witness about the specific underlying facts of pending criminal charges. With regard to

---

[3] Id.

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] 267 Ga. 203, 205-206 (476 SE2d 747) (1996).

[6] *Johnson*, 275 Ga. at 652.

[7] *Terrell v. State*, 276 Ga. 34, 43 (572 SE2d 595) (2002). Accord *Woods v. State*, 269 Ga. 60, 63 (495 SE2d 282) (1998); *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994).

such charges, the Confrontation Clause gives a defendant the right to cross-examine a witness regarding the pending charges so as to expose any bias or motive the witness may have for testifying for the State.[8] The defendant may thus question the witness about the scope of any deal the witness may have struck with the State and "about his understanding of the disparity between the sentence the State would recommend in exchange for his cooperation and the sentence he would have received without that cooperation."[9] The Confrontation Clause, however, does not prohibit all limits on a defendant's cross-examination into a witness's bias. Instead, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."[10]

Based on the record in this case, we can find no relevance to the underlying facts of the witness's pending criminal charges, and thus must conclude that the trial court did not abuse its discretion in excluding evidence of those underlying facts.[11]

Finally, we conclude that if any error did occur in precluding Brown from questioning the witness about the underlying facts of his prior conviction or of his pending criminal charges, any error was harmless. The witness in question completely denied any knowledge about the crime and completely refused to implicate Brown. Presumably for this reason, Brown chose not to question the witness at all, and thus did not take the opportunity to impeach the witness by inquiring into any potential bias arising from the pending charges. Given the fact that the witness showed no bias for the State and that such bias would have been the reason for the impeachment in question, and given the fact that the evidence of Brown's guilt is overwhelming, we conclude that any possible error in restricting Brown's cross-examination about the underlying facts of the pending charges was harmless.[12]

4. We have examined Brown's remaining contentions and conclude that they are without merit.[13]

---

[8] *State v. Vogleson*, 275 Ga. 637, 638-641 (571 SE2d 752) (2002).

[9] *Vogleson*, 275 Ga. at 638.

[10] Id. at 639. Accord *Terrell*, 276 Ga. at 43 (" '(T)he trial court, in determining the scope of relevant cross-examination, has a broad discretion.' ").

[11] See *United States v. Beale*, 921 F2d 1421, 1424 (11th Cir. 1991) (district court did not abuse its discretion in ruling that the underlying facts of pending criminal charges against a government witness were irrelevant and did not violate the defendant's right of confrontation by refusing to permit the defendant to question the witness about the underlying facts of those charges).

[12] *Garcia v. State*, 267 Ga. 257, 259 (477 SE2d 112) (1996).

[13] Those contentions are that the trial court erred in denying his motion to sever his

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

trial from Johnson's trial; that the trial court erred by granting the State's motion in limine to exclude evidence of cocaine in the victim's system at the time of the shooting; that the trial court erred in failing to grant a motion for continuance that he made; that the trial court erred in not examining the jurors concerning whether they had heard a television report that the victim was pregnant; that the trial court erred in admitting into evidence a photograph of the gunshot wound to the victim's head; that the trial court erred by admitting Brown's statement into evidence; and that the trial court erred in denying a motion for mistrial that Brown made when, according to Brown, an investigator improperly placed Brown's character into evidence. We note that, in Johnson's appeal, he raised many of the same issues that Brown now raises in his appeal. See *Johnson*, 275 Ga. at 651-654.