## S05A0584. WRIGHT v. THE STATE.

### (614 SE2d 56)

FLETCHER, Chief Justice.

A jury convicted Quentin Lamar Wright of felony murder in the shooting death of Randolph Chiboucas.[1] Wright appeals contending that the trial court erred in restricting his ability to cross-examine several State's witnesses about their juvenile adjudications. Because the defendant was entitled to cross-examine State's witnesses to show their bias or prejudice stemming from their open juvenile cases or their probationary status in juvenile court, we reverse.

The evidence at trial showed that Wright and four friends, Quentin Clark, Demont Davis, and Davis' cousins, Tremaine and Derrick Moore, had been hanging out most of the day smoking marijuana. Late that evening Clark called a taxi to take him and his friends back to the west side of town. Clark, however, went home before the cab arrived and only the other four got into the cab. While they were driving, Wright told Davis he wanted to rob the cab driver. Once they reached their destination, Wright's friends got out of the cab, but Wright remained in it, reached forward from the back seat and shot the cab driver. The four were then picked up by Atticus Moore, Tremaine and Derrick's older brother, and dropped off at their respective homes. Davis, and Tremaine and Derrick Moore all testified that Wright shot the cab driver. Davis's sister testified that Wright admitted to her that he shot the cab driver. Wright's first trial ended in a mistrial when the jury was unable to reach a verdict, and at a second trial a month later, he was convicted of felony murder.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Wright guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Davis, Clark, and the Moore brothers testified for the State. The State filed a motion in limine to prevent the defense from mentioning the juvenile adjudications of these witnesses either as impeachment or to show bias or bad character. The trial court, relying

---

[1] The crime occurred November 4, 1999. Wright was indicted April 12, 2000 for malice murder, two counts of felony murder, one based upon the underlying felony of aggravated assault with a deadly weapon and the other based upon the underlying felony of aggravated assault with intent to rob, and possession of a firearm during the commission of a crime. Following a jury trial on November 28-30, 2000, Wright was acquitted of malice murder and found guilty on both counts of felony murder and on the possession charge. The trial court merged the two felony murder counts and sentenced Wright to life imprisonment and a five-year consecutive term on the possession count. Wright filed a motion for new trial on December 7, 2000, which was denied on September 16, 2004. Wright filed his notice of appeal on September 30, 2004, the case was docketed in this Court on December 8, 2004, and submitted for decision on the briefs on January 31, 2005.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

on earlier case law, granted the motion, but noted that it would reconsider its ruling if the State opened the door.

(a) As an initial matter, the State contends that the issue is not properly before us because certified copies of the adjudications do not appear in the record. However, when seeking to cross-examine a witness as to bias stemming from his probationary status, it is not necessary to introduce certified copies.[3] What is necessary is that sufficient facts be in the record to allow the appellate court to review the issue. At a hearing outside the presence of the jury in the first trial, the State informed the trial court that Davis, age 17, was currently under commitment to the Department following his adjudication as delinquent for theft by receiving; Tremaine Moore, age 16, was currently under commitment to the Department following his adjudication as delinquent; and Derrick Moore, age 16, had been adjudicated delinquent for lying to police and was currently under arrest and being prosecuted as an adult for armed robbery. Additionally, during trial, outside the presence of the jury, Davis testified that he was on probation for a juvenile offense. The trial record does not contain any details about Clark's alleged juvenile adjudications. Nevertheless, the record is sufficient for this Court to evaluate the issue with respect to the adjudications of the other three witnesses.

(b) After Wright's trial was concluded, this Court, in *Mangum v. State*,[4] applied *Davis v. Alaska*[5] and held that a defendant is entitled to cross-examine the State's witnesses regarding whether they are currently on probation for a juvenile offense or have open or pending cases in juvenile court.[6] The Sixth Amendment guarantees to the defendant the right to inquire about a witness's current probationary status or pending criminal charges in an effort to show that the witness has "possible biases, prejudices, or ulterior motives" that may influence his testimony.[7] Thus, the trial court erred in refusing to allow any cross-examination designed to show that the witness might hope to attain some benefit related to a pending case or probationary status in juvenile court by giving testimony favorable to the state. However, the substantive facts underlying an open juvenile case would not generally be admissible.[8]

---

[3] See *Smith v. State*, 276 Ga. 263 (577 SE2d 548) (2003) (certified copies showing first offender treatment not required to be introduced when attempting to show witness's possible bias).

[4] 274 Ga. 573 (555 SE2d 451) (2001).

[5] 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974).

[6] See also *Baynes v. State*, 218 Ga. App. 687 (463 SE2d 144) (1995) (holding that *Davis v. Alaska* requires that defendant be permitted to cross-examine witness as to bias based on pending juvenile adjudication).

[7] *Mangum*, 274 Ga. at 576, quoting *Hines v. State*, 249 Ga. 257, 260 (290 SE2d 911) (1982).

[8] See *Brown v. State*, 276 Ga. 192, 193-194 (576 SE2d 870) (2003) (trial court did not err in

(c) The State argues that if the witness were currently committed to the Department of Juvenile Justice rather than being on probation or having an open case, then the defendant would not be able to bring out such fact on cross-examination. We reject this distinction. Under OCGA § 15-11-70, the order of the juvenile court adjudicating a juvenile as delinquent and committing the juvenile to the custody of the Department continues for two years unless extended or terminated by the juvenile court. The juvenile court may terminate the order upon application of the juvenile, or even without any application, "if it appears to the court that the purposes of the order have been accomplished."[9] Thus, a witness who is under commitment to the Department is equally subject to the allegation that he is shading his testimony in favor of the State in order to obtain more favorable treatment.

3. The violation of Wright's Sixth Amendment right may be held harmless only if the Court is "able to declare a belief that it was harmless beyond a reasonable doubt."[10] The burden is on the State to make this showing; however, the State relies on its argument that no error occurred and does not contend that any error was harmless. The State's case against Wright relied primarily upon the testimony of Davis and the Moore brothers, who provided the only evidence that Wright shot the cab driver. Wright was not allowed to present evidence that would permit him to argue that these witnesses had a motivation to shade their testimony in favor of the State. Thus, Wright was denied the right "to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witnesses."[11] Because the credibility of these witnesses was the heart of the State's case, we conclude that the error may have influenced the verdict, and we must reverse.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 30, 2005.

*Darden, Burns & Burns, Richard M. Darden, Jennifer R. Burns,* for appellant.

---

precluding cross-examination regarding underlying facts of pending criminal charge where not relevant to any issue); *Watkins v. State*, 276 Ga. 578, 581 (581 SE2d 23) (2003).

[9] OCGA § 15-11-70 (c).

[10] *Mangum*, 274 Ga. at 577, quoting *Chapman v. California*, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967).

[11] Id., quoting *Davis*, 415 U. S. at 318.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General,* for appellee.