## A11A0041. RILEY v. THE STATE.

(710 SE2d 690)

SMITH, Presiding Judge.

A jury found Benjamin Riley guilty on two counts of armed robbery and two counts of possession of a firearm during the commission of a felony. Riley appeals, claiming that he received ineffective assistance of counsel and that the trial court erred in limiting his cross-examination of a witness. We find no error and affirm.

1. Riley first argues that the trial court prevented him from exploring any pending charges against a witness, who was the victim of one of the armed robberies, for the purpose of exposing any potential for the witness's bias. Prior to this witness taking the stand and outside the presence of the jury, defense counsel, the prosecutor, and the court discussed the implications of the witness (who was incarcerated) wearing a jail uniform. During this conference, and after the parties agreed that the witness would not wear the jail uniform, defense counsel argued that the defense has a right "to examine any hope of leniency in this [witness's] mind. That's a bias. We can explore bias." The trial court ruled that the defense could not impeach the witness.

During cross-examination of the witness, defense counsel asked the witness if he had had any discussion with the prosecutor. The State objected, and the trial court sent the jury out and asked defense counsel "where are you going before we get the jury." Defense counsel explained that she wanted to explore whether the witness "had any conversations concerning [the State] helping him with his case in another county." The following colloquy then took place between the trial court, defense counsel, and the witness:

The Court: Do you have a deal with him?

The Witness: No.

The Court: Are they going to help you down in Albany or wherever you are?

The Witness: Willacoochee. No.

[Defense Counsel]: Did you ask him about it?

The Witness: No, uh-uh, ask him about it. Mm-mm. Mm-mm. What I did ask was — is a bus token.

[Defense Counsel]: You asked for a bus token?

The Witness: Mm-hmm, mm-hmm.

. . .

The Court: A bus token for what?

The Witness: Me to get on the bus for when I leave, when I leave the jail.

510

[Defense Counsel]: When you leave Willacoochee or leave here?
The Witness: Here.
[Defense Counsel]: Now, you know you're going back to where you came from?
The Witness: No, I'm not going back . . . They don't want me in Willacoochee.

The witness then explained that he was taking the bus to a friend's house, apparently some time after giving his testimony. The trial court ruled that defense counsel could ask the witness about his request for a bus token, and when the jury returned, counsel asked the witness: "And you asked for money for a bus token?" The witness replied: "They said they'd see."
It is fundamental that

[t]he Sixth Amendment to the U. S. Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him. The main and essential purpose of the right of confrontation is to secure for the opponent the opportunity of cross-examination. An attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony. The exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.

(Citation and punctuation omitted.) *Hewitt v. State*, 277 Ga. 327, 331-332 (2) (588 SE2d 722) (2003).

The Confrontation Clause, however, does not prohibit all limits on a defendant's cross-examination into a witness's bias. Instead, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

(Citations, punctuation and footnote omitted.) *Brown v. State*, 276

Ga. 192, 194 (3) (576 SE2d 870) (2003).

Here, defense counsel sought to cross-examine the witness concerning possible bias as a result of any deals the witness had with the State. But the record reveals that no deal was made and there was no evidence presented of any pending charges against the witness. Moreover, defense counsel was allowed to ask about the bus token. Riley cannot demonstrate any improper limitation of his rights under the Confrontation Clause. Under these circumstances, the trial court did not err in limiting cross-examination on this issue. See *Hewitt*, supra, 277 Ga. at 332 (2) (no violation of right to confrontation in trial court's limit on cross-examination on issue of parole when there was no evidence of deal between defendant and State regarding parole).

2. Riley contends that trial counsel was ineffective in failing to request a severance of his trial from that of his two co-defendants. But the record reveals that Riley's counsel joined in the severance motion made by counsel for one of his co-defendants and made arguments during the hearing. The motion was denied by the trial court with regard to Riley and the first co-defendant and granted with regard to the second co-defendant. We find no merit in this enumeration because Riley has not supported his claim that trial counsel failed to request a severance.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED MAY 6, 2011.

*Samuel F. Little, Jr.*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.