## S05A0203. SLAUGHTER v. THE STATE.
### (608 SE2d 227)

CARLEY, Justice.

A Fulton County jury found Marco Slaughter guilty of the malice murder of his cousin, Tairantae Slaughter. The trial court entered judgment of conviction and sentenced Slaughter to life imprisonment. A motion for new trial was denied on August 11, 2004, and Slaughter appeals,[1] enumerating as error only the general grounds.

Slaughter contends that the State failed to disprove the defenses of mistake of fact and self-defense beyond a reasonable doubt. The asserted mistake of fact was not a separate defense since it "concerned whether the victim was armed, and thus, whether [Slaughter] was justified in shooting first in self-defense." *Ellis v. State*, 174 Ga. App. 535, 536 (2) (330 SE2d 764) (1985). See also *Pullin v. State*, 257 Ga. 815, 817 (3) (364 SE2d 848) (1988).

Slaughter relies on the fact that the victim had recently robbed and shot at him, and on his own testimony that he saw the victim pull out a pistol. However, the evidence, construed in support of the verdict, shows that, after the victim robbed Slaughter because of his refusal to return some clothes, Slaughter made repeated threats to kill the victim, recruited family members to help him, and went with them to purchase a box of shotgun shells. According to eyewitness testimony, Slaughter pursued and confronted the unarmed victim in the middle of the street, shot him in the back, stood over him and shot him twice more, struck him in the head with the shotgun, put the gun away, left the scene, and bragged to others about the crime.

" 'Witness credibility is to be determined by the jury, OCGA § 24-9-80, as is the question of self-defense when there is conflicting

---

[1] The crime occurred on December 15, 2000, and the grand jury returned its indictment on November 30, 2001. The jury found Slaughter guilty on August 28, 2002 and, on September 11, 2002, the trial court entered the judgment of conviction and sentence. On September 9, 2002, Slaughter filed a motion for new trial, which the trial court denied on August 11, 2004. Slaughter filed a notice of appeal on August 19, 2004. The case was docketed in this Court on September 30, 2004 and submitted for decision on November 22, 2004.

evidence on the issue. (Cits.)' [Cit.]" *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). In considering the evidence regarding self-defense, the jurors were free to accept the eyewitness testimony of the State's witnesses and to reject Slaughter's testimony. *Holmes v. State*, supra; *Knight v. State*, 271 Ga. 557, 559 (1) (521 SE2d 819) (1999). Thus, the jury was authorized to find that, at the time of the shooting, Slaughter was not in imminent danger from the victim, but rather that he "acted solely out of revenge for prior crimes and assaults allegedly committed against him by [the victim].' "(T)he law will not justify a killing for deliberate revenge however grievous the past wrong may have been(.)" ' [Cit.]" *Pearson v. State*, 277 Ga. 813, 814 (1) (596 SE2d 582) (2004). Accordingly, the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Slaughter did not act in self-defense when he shot the victim and that he was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Pearson v. State*, supra; *Holmes v. State*, supra; *Carreker v. State*, 273 Ga. 371 (1) (541 SE2d 364) (2001); *Knight v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.