S05A0416. WELDON v. THE STATE.
(611 SE2d 36)

BENHAM, Justice.

Otis Lee Weldon appeals his convictions for malice murder, armed robbery, concealing the death of another, and possession of a firearm by a convicted felon.[1] His only contention on appeal is that the evidence was not sufficient to support the convictions.

Viewed in a light to uphold the verdict, as we are bound to do (*Everritt v. State*, 277 Ga. 457 (588 SE2d 691) (2003)), the evidence adduced by the State established the following as fact. The victim,

---

[7] *Hancock*, 277 Ga. at 839.

[1] The crimes were committed on April 7, 2003, and Weldon was arrested on May 21, 2003. The DeKalb County grand jury indicted Weldon on August 14, 2003, for malice murder, felony murder (armed robbery), felony murder (aggravated assault), felony murder (possession of a firearm by a convicted felon), armed robbery, aggravated assault, possession of a firearm by a convicted felon, and concealing the death of another. A jury trial began February 17, 2004, and concluded on February 20 with verdicts of guilty on all counts. The trial court sentenced Weldon on February 27, 2004, to life imprisonment for malice murder and to consecutive terms of ten years for armed robbery, five years for possession of a firearm by a convicted felon, and ten years for concealing the death of another, the felony murder convictions having been vacated by operation of law. On March 25, 2004, Weldon filed a motion for new trial which the trial court denied by an order filed September 27, 2004. Pursuant to a notice of appeal filed October 22, 2004, this Court docketed the appeal on November 3, 2004, and the appeal was submitted for decision on the briefs.

Edward Jackson Rouse, went to a "drug house" to trade a handgun for methamphetamine. When he showed the weapon to one of the drug dealers, the dealer took it, loaded it, and pointed it at the victim. Rouse was forced to kneel and was beaten by several men who demanded money. Weldon, who was present to sell marijuana, picked up a shotgun and, when Rouse stood up, shot Rouse in the chest. Everyone fled, but Weldon returned with companions that night and took the body away and left it elsewhere. Weldon testified at trial that he was present and was playing a video game when Rouse tried first to trade the handgun for drugs, then took it back and attempted to rob the drug dealers. He claimed he picked up a shotgun he kept there for personal defense and when Rouse pointed the weapon at him, shot him. Weldon admitted possession of the shotgun, a prior felony conviction, and concealment of Rouse's body, but denied involvement in robbing Rouse and insisted he shot Rouse in self-defense.

Evidence that Weldon fatally shot Rouse with a shotgun while Rouse knelt unarmed established the offense of malice murder. *Myers v. State*, 275 Ga. 709 (1) (572 SE2d 606) (2002). Although Rouse's firearm, the object named in the indictment as the object of the armed robbery count, went into another's hands with Rouse's consent, the threatened use of that firearm and the fatal use of Weldon's shotgun completed the taking required to convict of armed robbery. *Grant v. State*, 125 Ga. 259 (54 SE 191) (1906);[2] *Dutton v. State*, 199 Ga. App. 750 (406 SE2d 85) (1991); *Cantrell v. State*, 184 Ga. App. 384 (1) (361 SE2d 689) (1987). Compare *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974), where the taking was completed when Hicks stole from the sleeping victim's billfold and the use of an offensive weapon came only later in the series of crimes Hicks committed. Evidence that Weldon pointed the shotgun at Rouse during the robbery established his guilt as a party to armed robbery. *Tesfaye v. State*, 275 Ga. 439 (1) (569 SE2d 849) (2002); *Eckman v. State*, 274 Ga. 63 (1) (548 SE2d 310) (2001). Evidence that Weldon possessed a shotgun, coupled with the admission of evidence of his prior conviction of a felony, established his guilt of possession of a firearm by a convicted felon (*Porter v. State*, 278 Ga. 694 (1) (606 SE2d 240) (2004)), and Weldon's testimony and that of others that he removed Rouse's body from the scene established his guilt of the offense of concealing the death of another. *Mitchell v. State*, 274 Ga. 768 (1) (560 SE2d 8) (2002). The evidence was sufficient to authorize a rational trier of fact to find Weldon guilty beyond a reasonable doubt of the offenses for which he was sentenced.

---

[2] In 1906, the offense of robbery by intimidation included what is now known as armed robbery. In 1957, the statutory definition of robbery was amended to include specific reference to the use of an offensive weapon (Ga. L. 1957, p. 261), and in 1968, the offense of armed robbery as a separate offense came into being. Ga. L. 1968, pp. 1266, 1298.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Weldon's complaints on appeal regarding felony murder need not be addressed since the convictions on those counts were vacated by operation of law.

Central to Weldon's contention that the evidence is insufficient to support his convictions is his argument that his testimony that he acted in self-defense is more worthy of belief than the testimony of other witnesses that he did not act in self-defense in shooting Rouse. However, since the evidence regarding self-defense was in conflict and the credibility of witnesses is for the jury to decide, the jury was free to accept the testimony of other witnesses and reject Weldon's testimony. *Slaughter v. State*, 278 Ga. 896 (608 SE2d 227) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Virginia W. Tinkler*, for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.