A05A2226. HILL v. THE STATE.
(625 SE2d 108)

MIKELL, Judge.

Travis Hill was convicted of aggravated assault, OCGA § 16-5-21 (a), and possession of a firearm during the commission of a crime, OCGA § 16-11-106. He was sentenced to a total of twelve years confinement and eight years probation for the two offenses. After the denial of Hill's motion for new trial, he filed the present appeal challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Thomas v. State*, 262 Ga. App. 492 (1) (589 SE2d 243) (2003). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in the early morning hours of September 29, 2002, Kendrick Brinkley and Santini Burley were

riding in Brinkley's car in a Warren County neighborhood when they saw Hill outside of a home. Brinkley had heard that Hill wanted to fight him, so he pulled over to confront Hill, who indicated that he had no dispute with Brinkley. According to Burley, Hill and Brinkley shook hands, and then Brinkley and Burley drove off. Brinkley and Burley testified that they returned to that location approximately five minutes later and stopped the car after a friend, Eric Battle, waved them over. Brinkley and Burley exited the car and began talking to Battle. At that point, Hill reappeared from the rear of a house. According to Brinkley and Burley, Hill pulled a gun from under his shirt as he walked toward them. Brinkley testified that he began walking away from Hill. According to Brinkley and Burley, Hill said "he was tired of mo-foes messing with him," and then shot Brinkley in the arm. Burley and Battle yelled at Hill to put the gun away, but Hill shot Brinkley a second time. Neither Brinkley nor Burley was armed. Hill walked away from the scene, and Burley ran to a neighbor's house to call an ambulance, but the home had no telephone. Burley and Brinkley's cousin, Derrick Berry, drove Brinkley to a hospital.

Emergency room physician Bridgette Walsh examined Brinkley at the McDuffie Regional Medical Center and determined that his condition required that he be transported by helicopter to the trauma center at the Medical College of Georgia ("MCG"). Brinkley spent three months in the hospital at MCG, where he required a colostomy bag and the use of a cane or a walker during his recovery.

Hill testified at trial and admitted firing two shots; however, he contended that he acted in self-defense. According to Hill, he believed that Brinkley was holding a weapon behind his leg when he got out of the car. Hill testified that he heard Burley yell "bust," which he understood to mean "shoot." Contrary to Hill's account, another witness, Nikki Dukes, testified that she heard no such statement by Burley or anyone else directing Brinkley to shoot Hill and that she did not see anything in Brinkley's hands when he exited the car. Hill testified that he fled the scene after the shooting and that he threw the gun away before the police arrived.

On appeal, Hill argues that there was insufficient evidence to support the verdict and that the jury should have believed that he acted in self-defense. However, it is well settled that "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not [the appellate] Court." *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001), citing *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). "[S]ince the evidence regarding self-defense was in conflict and the credibility of witnesses is for the jury to decide, the jury was free to accept the testimony of other witnesses and reject [Hill's] testimony." *Weldon v.*

*State*, 279 Ga. 185, 187 (611 SE2d 36) (2005), citing *Slaughter v. State*, 278 Ga. 896-897 (608 SE2d 227) (2005); *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001); OCGA § 24-9-80. Accordingly, the evidence was sufficient to enable a rational trier of fact to find that Hill did not act in self-defense when he shot Brinkley and that he was guilty of aggravated assault and possession of a firearm during the commission of a crime beyond a reasonable doubt. See *Holmes*, supra at 645 (1).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 2005.

Sara E. Meyers, for appellant.
Dennis C. Sanders, District Attorney, William P. Doupé, Sarah M. Peacock, Assistant District Attorneys, for appellee.