A06A0352. GIBBS v. THE STATE.
(630 SE2d 582)

SMITH, Presiding Judge.

Latron Oneal Gibbs was found guilty by a Clayton County jury of two counts of armed robbery, three counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime. He appeals from the judgment of conviction and sentence.

---

Gibbs contends that the trial court erred in denying his motion to suppress in-court identifications, in failing to charge the jury on impeachment by disproving testimony, and in charging the jury on the "level of certainty" of an identification. We find no merit in any of Gibbs's contentions and affirm.

As stated succinctly by Gibbs, he was "convicted of robbing two guests with a pistol and attempting to rob several other guests at an apartment complex Christmas party." The party was being held in a clubroom located over the leasing office of the complex. Residents of the complex had been invited to have their children's photographs made with Santa Claus and to stay for refreshments. Present were several residents and their young children, some of the management staff, a photographer, and a man who volunteered to play Santa. Victims testified at trial that the robber entered brandishing a silver handgun and told them he would not hurt anyone, but he needed money for Christmas. The photographer testified that he gave the robber $58, and a leasing consultant testified he gave the robber $7.

An assistant manager was just outside the clubroom smoking when the robber made his entrance, and she fled unnoticed and telephoned 911. A Clayton County police officer happened to be sitting in his patrol car in front of the apartment complex, and he responded to the call within one minute. When the officer entered the front door of the leasing office and announced himself, Gibbs ran out the back door. The officer immediately ran around the building, where he spotted a man in black with a gun in his hand running from the back door. The officer gave chase. He never lost sight of the man and saw him drop the gun while scaling a fence. It was later retrieved and identified by several victims and the officer. The officer eventually caught and arrested the man in another building in the complex, attempting to hide under a stairwell. The officer identified Gibbs in court as the man he chased and arrested.

When Gibbs was caught he had $65 in the pocket of his black jacket. He was brought back to the clubhouse building immediately and placed in the back of the patrol car. Most of the victims were taken one by one to see if they could identify him. Ten victims positively identified Gibbs as the robber.

1. Gibbs contends the trial court erred in admitting in-court identifications because the identification at the crime scene was impermissibly suggestive. We do not agree.

> When a trial court concludes that an identification proce- dure is impermissibly suggestive, the issue becomes whether, considering the totality of the circumstances, there was a

substantial likelihood of irreparable misidentification. If not, then both the pre-trial and in-court identifications are admissible.

(Citations and footnotes omitted.) *Jones v. State*, 273 Ga. 213, 216 (2) (539 SE2d 143) (2000). In deciding whether a substantial likelihood of misidentification exists, the trial court must consider the witness's opportunity to see the accused during the crime; the witness's degree of attention during the crime; the accuracy of the witness's prior description of the accused; and the length of time elapsed between the crime and the witness's identification. The totality of the circumstances must be examined to determine whether the identification is reliable.[1] Id.

Here, the witnesses had ample opportunity to see the unmasked robber standing directly in front of them only a few feet away in a well-lit room; their attention was focused on the robber; their descriptions of the robber's clothing were consistent and accurate; and their pre-trial identifications of Gibbs took place immediately after the robbery. Under these circumstances, even assuming the pre-trial identification procedure was suggestive, the witnesses' identification of Gibbs was reliable, and the likelihood of misidentification was small. The trial court therefore did not err in admitting the in-court identifications.

2. In instructing the jury on the factors to consider in assessing the reliability of the eyewitnesses' identification of Gibbs, the trial court gave the pattern charge on "level of certainty." Gibbs points out correctly that 12 days before this trial took place, the Georgia Supreme Court decided *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005) in which the pattern charge used for many years and rooted in part in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), was disapproved. The *Brodes* opinion unequivocally "advise[d] trial courts to refrain from informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification." Id. at 442. Gibbs is therefore correct that giving the pattern charge was error.

But Gibbs himself, in his sole request to charge, requested the very charge he now alleges was reversible error. He has therefore waived any claim of error based upon this charge. *Morton v. State*, 276 Ga. App. 421, 423-424 (3) (623 SE2d 239) (2005). In addition, in this case, as in *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525)

---

[1] For many years, another factor, the level of certainty shown by the witness when identifying the accused, was also to be considered. But this factor was eliminated recently by the Georgia Supreme Court in *Brodes v. State*, 279 Ga. 435, 440 (614 SE2d 766) (2005). See Division 2, infra.

(2005), the error was harmless because other evidence also proved Gibbs's identity as the robber. One of the victims recognized him because she had seen him twice before the robbery at a nearby convenience store. He was observed running from the crime scene with a gun. The officer chasing him saw him drop the silver gun identified by several victims as the one pointed at them during the robbery. And $65 in cash — the exact amount the victims handed over to the robber — was found in his pocket. It is therefore "highly probable that the error did not contribute to the judgment." (Citation and punctuation omitted.) Id.

3. Gibbs maintains that the trial court erred in failing to charge the jury on impeachment by disproving facts in testimony. See OCGA § 24-9-82. Gibbs appears to refer to an alleged conflict in the testimony of two witnesses. But neither witness was impeached, and their testimony was not in direct conflict. The police officer testified repeatedly that he did not tell the eyewitnesses before they identified Gibbs at the crime scene that the person in the patrol car was the robber. One eyewitness testified that she did not know anyone had been detained until police officers told her as they were removing the tape off the victims' hands. Moreover, because Gibbs did not make a written request for such a charge, the trial court's failure to give one was not error. See *Floyd v. State*, 272 Ga. 65, 69 (6) (525 SE2d 683) (2000).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 21, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Erman J. Tanjuatco, Ira M. Sudman, Assistant District Attorneys*, for appellee.