A08A0509. OLIVE v. THE STATE.
(662 SE2d 308)

PHIPPS, Judge.

Following a jury trial, Roderick Olive was convicted of armed robbery, possession of cocaine, possession of a firearm during the commission of a felony, and possession of a pistol by a person under the age of 18. The trial court denied his motion for new trial. Olive appeals, arguing that the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal, we consider "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] So viewed, the evidence showed that on the evening of December 1, 2004, two young men confronted Robert French and David Campbell and demanded their wallets while French and Campbell were playing tennis at a park. One of the men had a gun. After taking money from French's wallet, the men fled in a beige car.

After calling the police and providing a description of the men and the car, French and Campbell saw the beige car drive into a nearby apartment complex. Several minutes later the car emerged, and French and Campbell followed it in Campbell's car until the

---

[1] *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003) (punctuation and footnote omitted).

police stopped the beige car.

Olive was in the driver's seat of the beige car and another man was in the passenger's seat. The police found a gun and "four hits of crack cocaine" on Olive. At the scene of the stop and later at trial, French and Campbell identified Olive as the gunman. They did not recognize the passenger.

At trial, Olive testified that he had given some other young men a ride from the park to the apartment complex and he suggested that those men had accosted French and Campbell. He claimed that their identification of him as the gunman was unreliable and he moved to suppress the identifications, but the trial court denied his motion.

1. On appeal, Olive does not challenge the trial court's decision to admit the identifications into evidence. Rather, challenging under *Jackson v. Virginia*[2] the sufficiency of the evidence with regard to his armed robbery conviction, Olive claims that the identifications were unreliable. We disagree.

Jurors determine a witness's credibility and are free to accept the testimony of an eyewitness and reject the testimony of the defendant.[3] Factors to consider in assessing the reliability of an eyewitness identification include

> the witness's opportunity to see the accused during the crime; the witness's degree of attention during the crime; the accuracy of the witness's prior description of the ac-cused; and the length of time elapsed between the crime and the witness's identification. The totality of the circum-stances must be examined to determine whether the iden-tification is reliable.[4]

Here, French and Campbell had ample opportunity to see Olive. Their encounter with him lasted between one and a half to three minutes; it took place on a well-lit tennis court; French stood close enough to Olive to hand his wallet to him; and both men had a clear view of Olive's face when he dropped the piece of clothing that he had been using to hide his mouth. The descriptions French and Campbell initially gave the police, while general, matched Olive's height, build, age, and hairstyle. Their identification of Olive as the gunman took place the same evening as the incident.

Under these circumstances, a rational trier of fact could have found that the witnesses' identifications of Olive as the gunman

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA § 24-9-80; *Slaughter v. State*, 278 Ga. 896, 897 (608 SE2d 227) (2005).

[4] *Gibbs v. State*, 279 Ga. App. 64, 66 (1) (630 SE2d 582) (2006) (citation and footnote omitted).

were reliable.[5] There was sufficient evidence for the jury to find Olive guilty of armed robbery.[6]

2. Olive admitted at trial that he was in possession of the gun and the cocaine when he was stopped by the police, and that he was 16 years old at the time. There was sufficient evidence for the jury to find him guilty of possession of cocaine,[7] possession of a firearm while in the commission of a felony,[8] and possession of a pistol by a person under the age of 18.[9]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 15, 2008.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Stephany J. Luttrell, Assistant District Attorneys*, for appellee.

---

[5] See id.
[6] See OCGA § 16-8-41 (a).
[7] See OCGA §§ 16-13-26; 16-13-30.
[8] See OCGA § 16-11-106.
[9] See OCGA § 16-11-132.
[1] *Bly v. State*, 283 Ga. 453 (660 SE2d 713) (2008).
[2] *Bly v. State*, 286 Ga. App. 43 (648 SE2d 446) (2007).