### A08A1149. ROBBINS v. THE STATE.
#### (667 SE2d 684)

RUFFIN, Presiding Judge.

Following a jury trial, Bruce Robbins was found guilty of armed robbery, aggravated assault, aggravated battery, and possessing a weapon during the commission of a crime. In his sole enumeration of error on appeal, Robbins contends that the trial court erred in failing to merge the aggravated assault charge with the aggravated battery charge. For reasons that follow, we disagree and affirm.

Viewed in keeping with the verdict, the relevant facts show that on February 10, 2006, Antonio Branford sold Robbins $50 worth of drugs. According to Branford, Robbins appeared to be in a drunken rage. Later that night, Robbins approached Branford, who was sitting in a car, and said that he needed more drugs. Robbins then pulled a gun and shot Branford in the head, injuring Branford's right eye, which had to be removed. Afterward, Robbins demanded that Branford give him the money he had used to pay for the drugs, and Branford handed him $60.

As a result of this incident, Robbins was charged with aggravated assault for "mak[ing] an assault upon the person of Antonio

Branford with the intent to murder with a deadly weapon, to wit: a firearm." He also was charged with aggravated battery for "maliciously caus[ing] bodily harm to Antonio Branford by rendering a member of his body useless; to wit: caused the loss of his right eye." Following Robbins' conviction for these crimes, the trial court declined to merge the offenses, and Robbins was sentenced to 20 years for both aggravated assault and aggravated battery, to be served concurrently. This appeal ensued.

Under OCGA § 16-1-7 (a), when the same conduct establishes the commission of more than one crime, a defendant may be prosecuted for both, but cannot be convicted of more than one crime if one crime is included in the other. For merger purposes, one crime is included in another if either it "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the [other] crime charged" or if the included crime "differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person . . . or a lesser kind of culpability suffices to establish its commission."[1]

In determining whether a crime was included for merger, our courts previously employed an "actual evidence" test in which we focused on whether " 'the evidence actually presented at trial to establish the elements of [one] crime charged also establish[ed] all the elements of the [other] crime.' "[2] Recently, however, our Supreme Court has eschewed this test, adopting instead the "required evidence" test.[3] Now,

> the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[4]

Here, Robbins was convicted of aggravated assault and aggravated battery, two separate offenses with different elements. Whereas the aggravated assault required proof that Robbins attempted to commit a violent injury with the intent to murder using a deadly weapon, aggravated battery required proof that Robbins maliciously caused

---

[1] OCGA § 16-1-6. See also *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006).

[2] Id. at 214.

[3] See id.; *Williams v. State*, 293 Ga. App. 193, 194 (1) (666 SE2d 703) (2008).

[4] (Punctuation omitted.) *Drinkard*, supra at 215.

bodily harm to Branford by rendering a member of his body useless.[5] In other words, the offenses were distinct, with each requiring proof of a fact which the other did not. It is no longer of any significance that both crimes stemmed from a single act.[6] Under these circumstances, the trial court correctly found that the offenses did not merge.[7]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 18, 2008.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, James J. Lacy, Assistant District Attorney*, for appellee.

---

[5] See OCGA §§ 16-5-20 (a) (assault); 16-5-21 (a) (aggravated assault); 16-5-24 (a) (aggravated battery).

[6] See *Drinkard*, supra (" '[A] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' ").

[7] See *Gant v. State*, 291 Ga. App. 823, 826-827 (3) (662 SE2d 895) (2008). Although Robbins also argued that the offenses merged as a matter of law, they do not. See *Robinson v. State*, 246 Ga. App. 576, 583 (8) (541 SE2d 660) (2000).