A09A0618. IN THE INTEREST OF J. W. B., a child.
(673 SE2d 630)

ELLINGTON, Judge.

A judge of the Juvenile Court of Charlton County adjudicated 16-year-old J. W. B. delinquent of committing acts which, if committed by an adult, would have constituted felony aggravated assault, OCGA § 16-5-21. J. W. B. appeals, contending the evidence adduced was insufficient to support his adjudication beyond a reasonable doubt, and that the court erred in admitting evidence of J. W. B.'s opprobrious conduct after the assault was allegedly over. Finding no error, we affirm.

1. J. W. B. contends the evidence adduced was insufficient to show an aggravated assault in that it shows only that he was defending himself, not that he assaulted the victim in this case. We disagree.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The standard of review on appeal in a case of adjudication of

delinquency of a juvenile is the same as that for any criminal case. We do not weigh the evidence or determine witness credibility.

(Citations, punctuation and footnotes omitted.) *In the Interest of M. V. H.*, 281 Ga. App. 486, 487 (1) (636 SE2d 168) (2006). So viewed, the record reveals the following relevant facts.

On March 13, 2008, J. W. B. and a neighbor, Willie Cobb, were sitting on the porch with another friend, engaged in a conversation about politics and religion. The conversation turned into an argument, and J. W. B. "jumped up and put his hands in [Cobb's] face, like he was going to hit [him]." Cobb walked away, but J. W. B. followed him. J. W. B. threw a punch at Cobb, and Cobb punched J. W. B. back, knocking him down. Cobb walked away again, and J. W. B. followed him. J. W. B. spit in Cobb's face and shouted racial slurs. Cobb walked to his home, and J. W. B. grabbed a metal rod from a neighbor's garden. J. W. B. ran at Cobb, aggressively swinging the rod at Cobb, who felt threatened enough to go inside his home and grab a kitchen knife. Cobb stayed inside while J. W. B.'s mother tried to calm him down. J. W. B. continued shouting racial epithets and dropped his pants in front of female witnesses.

An assault is an attempt to commit a violent injury to the person of another or an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20. Aggravated assault is an assault conducted with an object which, when used offensively against a person, is likely to result in serious bodily injury. OCGA § 16-5-21.

*Merneigh v. State*, 242 Ga. App. 735, 736 (1) (531 SE2d 152) (2000). "When the use of a deadly weapon places the victim in reasonable apprehension of immediate violent injury, the felony offense of aggravated assault has occurred. OCGA § 16-5-21 (a) (2)." *In the Interest of M. F.*, 276 Ga. App. 402, 404 (1) (b) (623 SE2d 234) (2005). J. W. B. does not contest the fact that a metal rod constitutes an "object, device, or instrument which, when used offensively against a person, is likely to . . . result in serious bodily injury" pursuant to OCGA § 16-5-21 (a) (2). See *Culbertson v. State*, 193 Ga. App. 9, 10-11 (386 SE2d 894) (1989). Rather, he argues that he only grabbed the metal rod to defend himself against Cobb, who had a knife. Given the evidence adduced from several witnesses, however, the court was authorized to find that it was Cobb who was acting in self-defense. The evidence supports the court's finding that after Cobb walked away from the round of punches, J. W. B. grabbed a metal rod and

swung it toward Cobb, who retreated inside his home where he then grabbed the knife.

Viewing the evidence in the light most favorable to the findings and judgment of the juvenile court, we find that the evidence presented here was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that J. W. B. committed acts which, if committed by an adult, would have constituted the offense of aggravated assault. *Carter v. State*, 248 Ga. App. 139, 139-140 (1) (546 SE2d 5) (2001). Accordingly, we affirm the adjudication of delinquency.

2. J. W. B. complains that the court erred in allowing witnesses to testify that, after Cobb went inside his home, J. W. B. dropped his pants in front of female witnesses. The court properly overruled J. W. B.'s objection, as the conduct at issue was a part of the res gestae.

> It is well settled in this state that acts are pertinent as a part of the res gestae if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it.

(Citations and punctuation omitted.) *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985). When J. W. B. dropped his pants, he was still shouting racial epithets at Cobb and had only moments before swung a metal rod at him. Further, J. W. B. dropped his pants in the direction of two women who were witnessing the events. Because J. W. B.'s conduct occurred "pending the hostile enterprise," the court did not err in admitting the evidence as part of the res gestae. See id.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur*

DECIDED FEBRUARY 16, 2009.

*Talethia R. Weekley*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.