A10A2236. WATKINS v. THE STATE.
A10A2312. THOMAS v. THE STATE.
(702 SE2d 904)

MILLER, Chief Judge.

A jury found Roderick Watkins and Reginald Thomas guilty of one count of aggravated assault (OCGA § 16-5-21 (a) (2)) and one count of aggravated battery (OCGA § 16-5-24 (a)). In Case No. A10A2236, Watkins appeals challenging the sufficiency of the evidence as to his conviction of aggravated assault. Further, he contends that the trial court erred in refusing to charge the jury on justification and on reckless conduct as a lesser included offense of aggravated assault. In Case No. A10A2312, Thomas appeals claiming that the trial court erred in failing to merge his aggravated assault conviction into that of aggravated battery. Discerning no error, we affirm in both cases.

Viewed in the light most favorable to the jury's verdict (*Cross v. State*, 285 Ga. App. 518, 519 (646 SE2d 723) (2007)), the evidence shows that on June 25, 2005, Watkins and Thomas went to a barbecue in a DeKalb County park with their girlfriends, Chantel Myhan and Teneicha Crumbley, respectively. At the park, Watkins and Thomas sat in Crumbley's vehicle while the two women got out to socialize. As the women did so, Dwynell Jones approached Watkins and Thomas and entered into an argument with Watkins. Hearing the altercation, Myhan and Crumbley decided that it was time to leave the park. As they approached the scene of the dispute, Watkins told Myhan that Jones had threatened to "shoot up the truck." When Crumbley began backing out of the park, Watkins began firing a handgun out his window into the crowd, Jones standing in it. Thomas joined in, firing his handgun from his window in the same direction. Calvin Hill, who was among those present at the scene, was struck by a bullet in the head — the wound blinding him. Myhan and Crumbley later identified Watkins and Thomas as the shooters, and their arrest followed.

### Case No. A10A2236

1. Watkins claims that the evidence was insufficient to support his conviction of aggravated assault because the State's evidence failed to establish that he intended to assault Hill or that his actions

placed Hill in reasonable apprehension of receiving a violent injury. We are unpersuaded.

Contrary to Watkins' claim on appeal, he cannot prevail because he did not intend to shoot Hill.

> Under the doctrine of transferred intent, when an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it.

(Citations and punctuation omitted.) *Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627) (1996). It is not otherwise as to Watkins' argument that he cannot be convicted of aggravated assault because Hill was not in apprehension of receiving a violent injury. See *Goforth v. State*, 271 Ga. 700, 701-702 (3) (523 SE2d 868) (1999). ("[W]here[, as here,] the assault at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the victim is not an essential element of the crime.") (citation and punctuation omitted).

Given the foregoing, the evidence was sufficient to enable a rational trier of fact to find Watkins guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Watkins claims that the trial court erred by refusing to give his requested jury charges on justification and reckless conduct as a lesser included offense of aggravated assault. Following its charge to the jury, the trial court inquired as to whether there were any objections to the instructions given, and trial counsel responded in the negative. "The failure to voice an objection or to reserve objection at trial constitutes waiver of appellate review of the issue." (Citation omitted.) *Nelson v. State*, 283 Ga. 119, 121 (3) (657 SE2d 201) (2008). Further, since Watkins' counsel expressly agreed to the charge as given, Watkins may not now complain of it. See *Stinchcomb v. State*, 280 Ga. 170, 173 (4) (626 SE2d 88) (2006) (party may not complain of error he or she helped induce).

### Case No. A10A2312

3. Thomas contends the trial court erred in failing to merge the aggravated assault and aggravated battery convictions. The offenses, however, were established by proving different facts and for that reason they do not merge. Under OCGA § 16-1-7 (a) (1), when the same conduct establishes the commission of more than one crime, a defendant may be prosecuted for both crimes, but cannot be con-

victed of more than one crime if one crime is included in the other. For purposes of merger,

> one crime is included in another if either it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the other crime charged or if the included crime differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person or a lesser kind of culpability suffices to establish its commission.

(Citations and punctuation omitted.) *Robbins v. State*, 293 Ga. App. 584, 585 (667 SE2d 684) (2008). The applicable test is whether each offense "requires proof of a fact which the other does not." (Punctuation and footnote omitted.) Id. This is such a case.

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Thomas was found guilty of this offense because there was evidence that he assaulted the victim by firing a handgun into the crowd of which the victim was a part. A person commits aggravated battery when he maliciously causes bodily harm to the victim by rendering a member of her body useless. OCGA § 16-5-24 (a). "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Mere presence at the scene of the commission of a crime is insufficient to convict one as a party thereto (*Bogan v. State*, 158 Ga. App. 1, 2 (279 SE2d 229) (1981)); however, Thomas was an active participant therein. Although the evidence does not establish whose weapon wounded the victim, it does establish that the victim lost his eyesight due to a gunshot wound to the head as a consequence of shots fired by both Watkins and Thomas, this warranting Thomas' conviction of aggravated battery as at least a party thereto. Since aggravated assault and aggravated battery are two separate offenses with different elements of proof, the charges do not merge, and it is irrelevant that both crimes stemmed from a single act. *Works v. State*, 301 Ga. App. 108, 114 (6) (686 SE2d 863) (2009). Accordingly, the trial court did not err in refusing to merge the two convictions.

*Judgments affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 2010.

*Lee W. Fitzpatrick*, for appellant (case no. A10A2236).
*Carl P. Greenberg*, for appellant (case no. A10A2312).
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.