**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 27, 2014**

# In the Court of Appeals of Georgia

A13A2483. IN THE INTEREST OF O. L., a child.

PHIPPS, Chief Judge.

Fourteen-year-old O. L. was adjudicated delinquent for committing the offense of possession of a handgun by a person under the age of 18 years,[1] and for committing acts that, if committed by an adult, would have constituted aggravated assault[2] and misdemeanor obstruction of an officer (two counts).[3]

O. L. appeals only from the adjudication as to the aggravated assault charge, asserting that the evidence related thereto was insufficient because it showed that he

---

[1] OCGA § 16-11-132.

[2] OCGA § § 16-5-21 (a) (2); 16-5-20 (a).

[3] OCGA § 16-10-24 (a). Prior to the adjudicatory hearing, O. L. admitted to having committed the handgun possession and obstruction offenses.

had acted in self-defense when he fired a gun in the direction of the alleged victim, T. S.[4] The state concedes in its brief, albeit on a different basis, that the evidence was insufficient as to the aggravated assault adjudication; it asserts that there was no evidence that the alleged victim had been placed in apprehension of immediately receiving a violent injury.[5] But because a rational trier of fact was authorized to reject O. L.'s claim of self-defense and conclude beyond a reasonable doubt that O. L. had committed an act which would constitute the crime of aggravated assault had the act been committed by an adult, and because the state was not required to prove in this case that the victim had been placed in apprehension of immediately receiving a violent injury, we affirm.

To establish delinquency based on acts of a criminal nature, the State must prove the commission of these acts beyond a reasonable doubt, just as it would in a criminal prosecution of an adult for the same acts. So, when a juvenile challenges the sufficiency of the evidence, we apply the standard set forth in *Jackson v. Virginia*,[6] and we consider whether the evidence adduced at the hearing would permit a rational

---

[4] See OCGA § 16-3-21 (a).

[5] See OCGA § 16-5-20 (a) (2).

[6] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

trier of fact to conclude beyond a reasonable doubt that the juvenile committed the acts with which []he is charged.[7]

OCGA § 16-5-21 (a) (2) provides that a person commits the offense of aggravated assault when he or she assaults with a deadly weapon or with any object, device or instrument which, when used against a person, is likely to or actually does result in serious bodily injury. OCGA § 16-5-20 (a) provides that "[a] person commits the offense of simple assault when he or she *either*: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."[8] "A victim's apprehension of receiving a violent injury is not an essential element of an assault in which it is alleged that the defendant actually attempted to commit a violent injury to the person of the victim."[9]

---

[7] *In the Interest of Q. S.*, 310 Ga. App. 70, 72-73 (1) (712 SE2d 99) (2011) (citation omitted).

[8] (Emphasis supplied.)

[9] *Love v. State*, 268 Ga. 484, 485 (1) (490 SE2d 88) (1997) (citation and punctuation omitted); see *Anthony v. State*, 276 Ga. App. 107, 108 (1) (622 SE2d 450) (2005).

The delinquency petition pertinently alleged that O. L. committed the offense of aggravated assault "when he attempted to commit a violent injury to a person, an assault under OCGA § 16-5-20 (a) (1) with a deadly weapon, to wit: discharged a firearm at [T. S.]."

Thus, given the allegations in this case, the state was not required to prove that O. L. had placed T. S. in reasonable apprehension of immediately receiving a violent injury (with a deadly weapon).[10] It was instead required to prove that O. L. attempted to commit a violent injury to T. S. (with a deadly weapon).[11]

OCGA § 16-3-21 (a) provides, in pertinent part,

---

[10] OCGA § 16-5-20. See *Goforth v. State*, 271 Ga. 700, 701-702 (3) (523 SE2d 868) (1999); *Tiller v. State*, 267 Ga. 888 (4) (485 SE2d 720) (1997) (overruled on other grounds, 269 Ga. 590, 593 (502 SE2d 726) (1998); *Watkins v. State*, 306 Ga. App. 769, 770 (1) (702 SE2d 904) (2010); *Jordan v. State*, 322 Ga. App. 252, 254 (3) (744 SE2d 447) (2013) (where indictment charged defendant with aggravated assault for having shot the victim with a gun, a deadly weapon, the state was not required to show that the victim was in reasonable apprehension of a violent injury, as required for an assault under OCGA § 16-5-20 (a) (2); it was sufficient to show that the defendant shot at another intending to commit a violent injury against him, as required for an assault under OCGA § 16-5-20 (a) (1)). Notably, although evidence that T. S. was placed in reasonable apprehension of receiving a violent injury was not required in this case, there was circumstantial evidence of such apprehension (namely, that T. S. backed up and left the premises after O. L. fired the gun). See generally *Watts v. State*, 321 Ga. App. 289, 294 (2) (739 SE2d 129) (2013); *Tiller*, supra at 890 (3).

[11] See *Watkins*, supra.

> A person is justified in . . . using force against another when and to the
> extent that he or she reasonably believes that such . . . force is necessary
> to defend himself or herself or a third person against such other's
> imminent use of unlawful force; however, . . . a person is justified in
> using force which is intended to or likely to cause death or great bodily
> harm only if he or she reasonably believes that such force is necessary
> to prevent death or great bodily injury to himself or herself or a third
> person or to prevent the commission of a forcible felony.

The question of whether a defendant acted in self-defense is normally for the trier of fact to resolve.[12]

Viewed in the light most favorable to the adjudication below,[13] the evidence showed that in April 2013, O. L. and two other juveniles were sitting on the porch of R. M.'s residence when T. S. entered the driveway of his mother's adjacent residence. T. S. yelled at the juveniles, accusing them of having burglarized his mother's house, and fired a handgun into the air. O. L. ran inside R. M.'s house, stating to the occupants, "he's out there trying to kill us." R. M., the homeowner, instructed O. L. to wait inside the house. O. L. went to the kitchen. Looking out the kitchen window,

---

[12] See *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001); *Thompson v. State*, 291 Ga. App. 355, 356-357 (1) (662 SE2d 135) (2008); *Hill v. State*, 276 Ga. App. 874, 875-876 (625 SE2d 108) (2005).

[13] See *In the Interest of Q. S.*, supra at 71 (1).

O. L. observed T. S. fire a shot at A. F. as A. F. ran away, and point a gun at O. L.'s cousin; no one was shot (although a bullet struck A. F.'s shoe). T. S. asked where O. L. was and then yelled for him to come out of the house. O. L. returned to the living room, opened the front door, "pulled [a gun] out" and, from inside the house, fired the weapon in T. S.'s direction; the bullet did not strike anyone, although it did strike the front screen/storm door. After O. L. fired the weapon, T. S., who according to O. L. had been walking toward R. M.'s house (but was not on the porch), backed up and walked to his mother's yard.

Testifying on his own behalf, O. L. explained that he had run into the house because he knew that T. S. would not enter the house and kill him; he stated that the house was filled with people, that he thought he would be safe in the house, and that R. M. had told him that he could stay inside. O. L. testified that he had fired the weapon to show T. S. that he had a gun and to scare him because he did not know whether T. S. would enter the house and shoot him.

The juvenile court found that O. L.'s claim that he had fired the weapon in T. S.'s direction to defend himself was not credible. The court noted, inter alia, that there was a lapse of time between O. L.'s entering the home and his re-engaging the violence by opening the front door and firing the weapon at T. S., after looking out

6

the kitchen window. The court reasoned that O. L. had retreated to a safe place, but then returned to the doorway to fire his weapon. The court concluded that, under the circumstances, a reasonable person would not have believed that it was necessary to use deadly force.

"[I]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault."[14] O. L. testified that he had fired the weapon in the direction of T. S. His intent was a question for the trier of fact.[15] The trier of fact decides the witness's credibility and the reasonableness of a hypothesis, such as a claim of self-defense;[16] a trier of fact may reject a claim of self-defense.[17] Similarly, "[r]esolving evidentiary conflicts and inconsistencies . . . are the province of the factfinder, not the appellate Court."[18]

---

[14] *Anthony*, supra at 108 (1) (citation and punctuation omitted); *Tiller*, supra at 891 (4); *Williams v. State*, 249 Ga. 6, 8 (4) (287 SE2d 31) (1982) (deliberately firing a gun in the direction of another to scare him, absent justification, constitutes an aggravated assault); *Goodman v. State*, 237 Ga. App. 795 (516 SE2d 82) (1999).

[15] See *Cade v. State*, 180 Ga. App. 314, 316 (3) (348 SE2d 769) (1986).

[16] See *Thompson*, supra at 356-357 (1).

[17] *Ganaway v. State*, 282 Ga. 297, 299 (1) (647 SE2d 590) (2007); *Hill*, supra; see *In the Interest of J.W.B.*, 296 Ga. App. 131-132 (1) (673 SE2d 630) (2009).

[18] *Hill*, supra at 875 (citations and punctuation omitted).

Construing the evidence in favor of the adjudication, we find that the juvenile court was authorized to reject O. L.'s claim of self-defense and to find that O. L. committed an act which, if committed by an adult, would have constituted the offense of aggravated assault.[19]

*Judgment affirmed. Ellington, P. J., concurs. Branch, J., concurs in judgment only.*

---

[19] See generally *Thompson v. State*, 281 Ga. App. 627, 629 (636 SE2d 779) (2006) (deliberately firing a gun in the direction of another in and of itself constitutes an aggravated assault); *Hill*, supra at 875-876.