**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 10, 2026**

# In the Court of Appeals of Georgia

A25A1961. FITZGERALD v. THE STATE.

PIPKIN, Judge.

Appellant Nicholas Scott Fitzgerald was indicted for aggravated assault, possession of a firearm during the commission of a crime, and pointing a gun at another in relation to crimes committed against Erik Blanco-Ortiz. After a bench trial,[1] Fitzgerald was found guilty of all counts, and he was sentenced to 10 years on probation for aggravated assault and the possession charge; the charge for pointing a gun at another merged for sentencing purposes. Fitzgerald's sole contention on appeal

---

[1] There was a long delay between indictment and trial because Fitzgerald was found to be incompetent to stand trial. He was eventually rehabilitated and deemed competent.

is that the evidence is insufficient to support his convictions. For the reasons that follow, we affirm.

When evaluating such claims, "we must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Kennedy v. State*, 371 Ga. App. 163, 164 (1) (899 SE2d 803) (2024) (citation and punctuation omitted). It is also well settled that "[t]he trier of fact decides the witness's credibility and the reasonableness of a hypothesis, such as a claim of self-defense" and, therefore, "a trier of fact may reject a claim of self-defense." *In re O.L.*, 326 Ga. App. 640, 644 (757 SE2d 236) (2014) (citations and punctuation omitted). With these principles in mind, and construing the evidence to support the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence at trial showed the following.

In November 2016, Blanco-Ortiz and Fitzgerald lived in townhouses next door to one another. On the date of the incident, Blanco-Ortiz was outside detailing one of the neighbor's cars when Fitzgerald exited his home and began walking toward Blanco-Ortiz, telling him to "take your shit out of my lawn" and asking numerous

times "do you want to die" while holding a hunting knife. Fitzgerald continued to approach Blanco-Ortiz, repeating these phrases and, eventually, pulling out a gun, racking a bullet into the chamber, and pointing the weapon at Blanco-Ortiz's head while standing approximately six inches away. Blanco-Ortiz testified that he was unarmed, afraid, and "really thought it was my last time." The incident was also captured on video which was played for the judge at trial. Fitzgerald testified in his own defense, admitting that he pulled a gun on Blanco-Ortiz but explaining that he felt threatened and pulled a weapon in self-defense.

Reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence presented at trial was sufficient to allow a rational trier of fact to reject Fitzgerald's claim of self-defense and find him guilty beyond a reasonable doubt of the crimes for which he was convicted. See OCGA § 16-5-21 (aggravated assault); § 16-11-106 (possession of a firearm during the commission of a felony).

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*